Louisville, New Albany and Chicago R. W. Co. v. Roberts.

demurrers to the second and third paragraphs of the answer, and for further proceedings not inconsistent with this opinion.

LOTZ, J., concurs in result.

Filed November 26, 1895.

No. 1,813.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. ROBERTS.

RAILROAD.—*Damage to Land by Fire.*—*Complaint, Insufficiency.*—A complaint for damages for fire set by defendant's locomotive, alleging that defendant failed to keep its right of way free from combustible material, and its servants negligently set fire thereto, is insufficient where it does not allege that defendant negligently permitted the fire to escape from its right of way.

SAME.—*Evidence.*—*Liability.*—*Payment of Loss by Same Fire, to Other Land-owners.*—Evidence that defendant paid other land-owners for losses caused by the same fire for which plaintiff brings suit is inadmissible to show that defendant recognized its liability.

SAME.—*Special Verdict.*—*Real Estate.*—*Description.*—*Clerical Error.* —A special verdict in an action for damages from fire set by defendant's locomotives, agreeing with the description of the land contained in the first paragraph of the complaint, will not be presumed to have been based solely on the second paragraph, which gave a different description of the land, although the discrepancy is claimed to be simply a clerical mistake.

From the Pulaski Circuit Court.

*E. C. Field, W. S. Kinnan* and *J. C. Nye,* for appellant.

*W. Spangler, J. M. Spangler* and *H. R. Robbins,* for appellee.

DAVIS, J.—Suit was brought by appellee against ap-

pellant to recover damages alleged to have resulted from fire set out by appellant's locomotives. Part of the damages resulted from the burning of hay and the remainder on account of injury to appellee's land. The complaint is in two paragraphs. Each paragraph was tested by a separate demurrer. The special verdict of the jury assessed appellee's damages on account of hay burned at $187, fence $20, growing timber $75, damage to meadow land, $520.

Appellant's motion for judgment in its favor and motion for a new trial were overruled, and judgment for $802 rendered in favor of appellee on the special verdict. Appellant's objections and exceptions to these rulings of the trial court are saved in the record and presented to this court in the assignment of errors.

The first paragraph of the complaint charges that the appellee had the following land damaged by fire:

"The northeast quarter of section thirty-three (33), and the northeast quarter of the northwest quarter of section *thirty-four* (34), all in township thirty-two (32) north, range four (4) west in Starke county, Indiana."

The second paragraph of complaint alleges that the following real estate was burned and damaged: "The northeast quarter of section thirty-three (33), and the northeast quarter and northwest quarter of section *twenty-four* (24), in township thirty-two (32) north, range four (4) west in Starke county, Indiana."

In the special verdict it is found that the land damaged was that described in the first paragraph of the complaint.

The first paragraph of the complaint charges that appellant "carelessly and negligently omitted to keep its right of way free and clear of dry and combustible material, but negligently permitted large quantities of dry

grass and weeds to accumulate over and upon said track and right of way near the premises of this plaintiff.

That on said day the servants, agents and employes of said defendant, in operating and running its engines on said line, * * * negligently and carelessly permitted said engines to cast out sparks and coals of fire therefrom into the dry grass and other combustible material on defendant's right of way and set fire thereto, which spread onto and over and across the lands of Elliott Anthony, and without any fault on the plaintiff's part, and onto and over the land of said plaintiff, * * * the said fire being continuous."

The only allegations of negligence are that appellant neglected to keep its right of way free from combustible material, and its servants negligently set fire to such combustible material which had accumulated on its right of way. There is no allegation that appellant negligently permitted the fire so set out to escape from its right of way and damage appellee's property, nor is there any general charge that appellee's loss resulted from the negligence of appellant.

Counsel for appellant insist that the first paragraph of the complaint is insufficient for three reasons: first, because it does not allege that appellant negligently permitted the fire to escape from its right of way, and that the judgment should be reversed, because it does not appear from the record that the judgment rests upon the second paragraph of the complaint exclusively. Under the authorities this paragraph of the complaint is insufficient. *Lake Erie, etc., R. R. Co.* v. *Miller*, 9 Ind. App. 192.

Counsel for appellee contend that it is apparent that the special verdict was found on the second paragraph of the complaint, and that the discrepancy in the description of the real estate in the second paragraph was

simply a clerical mistake, which this court should consider having been corrected on the trial. We cannot adopt this view of the case. In view of the fact that the description of the real estate in the special verdict agrees with the description in the first paragraph of the complaint, we would not be justified in saying that the jury intended to predicate the verdict solely on the second paragraph of the complaint in which there is a different description of the real estate. If the court would be authorized to look to the evidence for the purpose of ascertaining the correct description of the real estate, our attention has not been called to that part of the evidence in which the real estate in question was described.

On the trial, the court, over appellant's objection, permitted the appellee to prove that appellant had paid other land-owners for losses sustained by them, caused by the same fire. The evidence was introduced as tending to prove that appellant recognized its liability for the losses occasioned by the fire in question. This was error. The fact that appellant had paid such losses of others was not admissible in evidence as tending to prove that appellant was liable to appellee. We cannot say that the evidence was harmless on the theory that there was other evidence showing the liability of appellant. Other errors are discussed, but as the judgment will have to be reversed, for the reasons stated, it will not be necessary to decide them.

Judgment reversed, with leave to amend complaint.

Filed November 26, 1895.