[S. F. No. 1283.   Department Two.—April 5, 1900.]

## PHOEBE A. HEARST, Respondent, v. W. H. H. HART, Appellant.

PLEADINGS — VERIFIED COMPLAINT UPON NOTE — UNVERIFIED GENERAL DENIAL—ADMISSION OF CAUSE OF ACTION—JUDGMENT UPON PLEADINGS. An unverified answer to a verified complaint stating a cause of action upon a promissory note set out therein, which merely "denies generally and specifically each and every allegation in said complaint contained," sets forth no defense, but in legal effect admits the cause of action, and entitles the plaintiff to judgment upon the pleadings.

ID.—SUFFICIENCY OF NOTICE OF MOTION — STATEMENT OF GROUND.—A notice of motion for judgment upon the pleadings, specifying that it would be made "upon the pleadings, files, and records in said action, and upon the ground that the answer on file herein constitutes no defense to the cause of action, or any portion thereof, stated in said complaint," is sufficient, and states a proper ground for the motion.

ID.—ELECTION OF PROCEDURE—MOTION TO STRIKE OUT ANSWER AND FOR JUDGMENT.—The plaintiff had an election of procedure, either to move directly for judgment on the pleadings, or to move to strike the unverified answer from the files, and for judgment as for want of an answer. He was not confined to the latter course, but either course may be pursued.

ID.—FRIVOLOUS APPEAL—DAMAGES.—Where an appeal is clearly frivolous, the judgment appealed from will be affirmed, with damages.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Seawell, Judge.

The facts are stated in the opinion.

W. A. Kirkwood, and Aylett R. Cotton, for Appellant.

Page, McCutchen & Eells, for Respondent.

HAYNES, C.—Suit upon a promissory note, a copy of which was set out in the complaint, and the complaint verified. The defendant filed an unverified answer, as follows: "The defendant answers the complaint herein, and denies generally and specifically each and every allegation in said complaint contained."

The plaintiff moved for judgment on the pleadings, her motion was granted, and from the judgment entered thereon the defendant appeals.

1. Appellant contends that "the notice of motion did not specify any ground upon which the motion would be made." The notice specified that it would be made "upon the pleadings, papers, files, and records in said action, and upon the ground that the answer on file herein constitutes no defense to the cause of action, or any portion thereof, stated in said complaint."

This was sufficient. In *Heydenfeldt v. Jacobs*, 107 Cal. 376, the ground of the motion for judgment on the pleadings was "that the answer did not set up any defense." The judgment was affirmed. (See, also, *Hemme v. Hays*, 55 Cal. 337; Code Civ. Proc., secs. 437, 446, 447.)

2. It is further contended that the proper course under such circumstances would have been to move to strike the answer from the files, and then take judgment as for want of an answer.

Either course may be pursued. In *McCullough v. Clark*, 41 Cal. 298, it is said: "If the answer of the defendant was not properly verified, the plaintiff should have moved in the court below either to strike out the answer, or for judgment as for want of an answer."

It would seem to be immaterial to a defendant whether a judgment be rendered against him upon an answer, which, under the code, admits all the allegations of the complaint, or whether it be rendered upon default for want of an answer, which admits the same thing. The appeal is clearly frivolous.

I advise that the judgment appealed from be affirmed, with one hundred dollars damages.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed, with one hundred dollars damages.

Temple, J., Henshaw, J., McFarland, J.