JOHN A. CREIGHTON V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED APRIL 9, 1903. No. 12,697.

1. **Evidence:** ADJUSTMENT OF CONTROVERSY. An amicable adjustment of a controversy between two parties is not admissible for the purpose of showing any liability of either.

2. **Right of Appeal.** Where defendant is sued in the county court, appears, files an answer, and participates in the trial by cross-examining plaintiff's witnesses, he is entitled to an appeal from a judgment rendered against him.

3. **Instructions.** Instructions examined, and *held* not prejudicial.

ERROR to the district court for Douglas county: IRVING F. BAXTER, DISTRICT JUDGE. *Affirmed.*

*Charles Ogden* and *Joel W. West,* for plaintiff in error.

*James M. Woolworth, M. A. Low, W. F. Evans* and *William D. McHugh, contra.*

OLDHAM, C.

This was an action for damages for the value of certain buildings situated on plaintiff's farm, which were destroyed by fire alleged to have been set out by the negligent operation of one of defendant's engines. The cause was originally instituted in the county court of Douglas

county and taken by appeal to the district court. It was tried in the district court, by consent of the parties, on the pleadings filed in the county court.

The petition alleges the ownership and destruction of a barn and granary by fire negligently set out by defendant. The answer was a general denial. On issues thus joined there was a trial to a jury, verdict for defendant, judgment on the verdict, and plaintiff brings error to this court.

There was no material dispute in the testimony introduced at the trial of the cause. Plaintiff's evidence showed that almost immediately after one of defendant's trains had passed through the premises on which the buildings were situated, a fire broke out on the right of way, which spread rapidly on account of a strong wind that was blowing, and reached the buildings before the witness who saw the fire start and defendant's section hands could control the fire. There was no dispute as to the amount of the loss. Defendant, on the other hand, introduced testimony tending to show that the engine propelling the train was fully and properly equipped with the best and most modern spark arresters and other appliances for the prevention of the escape of fire from the engine, and that the engine was operated in a skillful manner by a competent and prudent engineer and fireman. This condition of the testimony presented a question of fact as to whether the fire originated by any negligence on the part of the defendant.

The first complaint called to our attention in the brief of plaintiff in error is as to the action of the trial court in refusing to permit plaintiff to show that the claim agent of defendant paid the owner of the grain which was stored in plaintiff's granary for the loss thereof, destroyed by this same fire.

An amicable adjustment of the controversy, even as between the parties themselves, is not competent evidence to establish a liability. Much less would an amicable adjustment with one not a party to a settlement be admis-

sible against the other merely because the controversy arises from the same cause. Courts look with favor on the rights of parties to amicably settle differences, and they may do so with one or more of those with whom they are involved in a dispute, without prejudicing any of their rights in case they be compelled to litigate with others.

It is urged by counsel for plaintiff in error that defendant had no right to appeal this cause of action from the judgment of the county court, because it did not introduce any testimony on its own behalf in the hearing in that court. The record shows that the defendant filed a general denial at the trial in the county court; that it was represented by counsel at the hearing, and cross-examined plaintiff's witnesses, but that it did not in fact offer any affirmative testimony in its own behalf. We think this was a sufficient contest to entitle it to an appeal of its cause of action. *Baier v. Humpall,* 16 Neb. 127. The issues were not changed, because, as already stated, the case was tried on the same pleadings in the district court as were filed in the court below.

In the case at bar the court drafted its instructions substantially from those which were commented upon, with approval by this court in the case of *Union P. R. Co v. Keller,* 36 Neb. 189. These instructions, taken as a whole, we think, fairly submitted the questions of fact to the jury.

The jury were instructed, in substance, that the burden was on the plaintiff to establish the fact that the fire originated on account of defendant's negligence; that if they believed from the evidence that the fire did originate from defendant's engine, then the burden was upon the defendant to show that its engine was properly equipped with all modern appliances to prevent the spread of fire, and that it was carefully operated by the persons in charge of the engine. On the part of defendant the court also instructed that defendant was not an insurer against loss or damages that might occur by reason of fire escaping from its engines without any negligence or default on the company's part.

While the instructions were unnecessarily lengthy and can not be commended either for brevity or precision of statement, yet we are not pointed to any paragraph among them that contains a misstatement of law.

We therefore think that the case was faily submitted to the jury under the testimony, and as there is sufficient competent evidence to sustain the verdict, we recommend that the judgment of the trial court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.