ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. A. R. KNOWLES ET AL.

Decided November 10, 1906.

**1.—Submitting Issue Without Evidence—When Harmless.**

When the court, in a suit for personal injuries, submits in its main charge a ground of negligence not warranted by the evidence, and at the request of the defendant gives a special charge by which said ground of negligence was practically withdrawn from the jury, the error was not cause for reversal, especially in the absence of an assignment distinctly complaining of the same.

**2.—Error Against Codefendant.**

Where, in a suit against two defendants, each of the defendants endeavors to show that the other is exclusively liable, and a verdict is rendered against only one of the defendants, error in the charge, and other matters affecting the issue between the plaintiff and the other defendant only, can not be complained of by the defendant against whom the verdict is rendered.

**3.—Misconduct of Attorney, not Cause for Reversal, When.**

In a suit against two defendants, and judgment is rendered against only one, the misconduct of the attorney for the successful defendant, calculated to prejudice the other defendant, is not cause for reversal of the judgment obtained by the plaintiff when the court properly charges the jury against the effects of such misconduct.

**4.—Personal Injury—Settlement—Effect.**

Where, in a suit for personal injury against two defendants, one of said defendants settled with several passengers for injuries sustained by them in the same collision, and such passengers testified as witnesses in behalf of said defendant in the case on trial, the court properly limited the effect of the evidence of settlement to the credibility of said witnesses, and refused to allow the jury to consider such settlements as an admission of liability on the part of the defendant making said settlements.

**5.—Hearing Bell or Whistle.**

It is competent for witnesses, who were in a proper position, to testify that they could have heard the whistle or bell if it had been sounded.

**6.—Amount of Damages—Occupations.**

As bearing upon the amount of damages it was competent for plaintiff to state the previous occupations he had followed and his inability to follow the same since his injury.

Appeal from the District Court of Tarrant County.   Tried below before Hon. Mike E. Smith.

*C. H. Yoakum, West, Chapman & West* and *Theodore Mack,* for appellant.—Every railway crossing, whether it be in the country or in a city, is necessarily dangerous, and the recognized fact that such crossing is dangerous does not impose the duty upon a railroad to maintain a flagman or watchman at such crossing.   It is only in those cases where particular crossings are so peculiarly or extraordinarily dangerous that prudent persons could not use public crossings in safety that the rules of law demand that a flagman or watchman be stationed there.   Missouri, K. & T. Ry. v. Magee, 92 Texas, 620; Texas & Pac. Ry. v. Warren, 32 S. W. Rep., 578; Grand Trunk Ry. v. Ives, 144 U. S., 422; Freeman v. Duluth, S. S. & A. Ry., 3 Law Rep. Ann., 594; Newport News, etc., Ry. v. Stewart, 36 S. W. Rep., 528; English v. Southern Pac. Ry., 35 Law Rep. Ann., 155.

The court erred in its charge to the jury, wherein the following language was used: "By the term 'proximate cause,' as used in this charge, is meant the efficient, moving cause without which the accident in question would not have occurred;" for that said definition is general, vague, uncertain, misleading and furnishes no aid whatever to the jury in applying the law of the case to the facts.   Rev. Stats., art. 1317; Jones v. George, 61 Texas, 353; Eames v. Texas & N. O. Ry., 63 Texas, 666; Missouri, K. & T. Ry. v. McFadden, 89 Texas, 146; Mexican Natl. Ry. v. Mussette, 24 S. W. Rep., 520; Texas & P. Ry. v. Bigham, 90 Texas, 223; Milwaukee Ry. v. Kellogg, 94 U. S., 474; Bailey on Master and Servant, sec. 1030-1031.

The language, "And in the light of all the attending circumstances ought reasonably to have anticipated that the train would or might probably run into said street car, as it did," is a charge upon the weight of the evidence and misleading.   Moore v. Northern Texas T. Co., 15 Texas Ct. Rep., 354-357; Texas & P. Ry. Co. v. Bigham, 90 Texas, 227.

A defendant is entitled to demand the giving of a special charge grouping the specific facts upon which he relies for a verdict in his favor.   An affirmative presentation of the negative side of a question can not be denied a defendant who has properly prepared and presented a request therefor.   Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58; Texas Trunk Ry. v. Ayres, 83 Texas, 268; Western U. Tel. Co. v. Andrews, 78 Texas, 305; Southern Construction Co. v. Hinkle, 89 S. W. Rep., 309; Western U. Tel. Co. v. Stacy, 41 S. W. Rep., 101.

In a personal injury suit where objection to damaging testimony is erroneously overruled by the court, and counsel offering the testimony withdraws the question after having insisted on the evidence and getting the evidence in, the unsworn testimony or gratuitous statement of counsel who had offered the testimony, that the testimony was admissible,

but withdrawn in order to avoid any question about it, and not caring to get into legal technicalities on the subject, there being enough left in the case without going into these matters, is improper and prejudicial to the rights of the defendant, when made in the presence of the jury, and consequently erroneous. Western U. Tel. Co. v. Perry, 95 Texas, 645; Harry Bros. v. Brady, 86 S. W. Rep., 615.

Where two corporations are sued as joint tort feasors, and the question of liability of each is sharply contested, and the evidence as to liability is sharply conflicting, it is prejudicial error and harmful for one of the counsel to state in the presence of the jury that he tried to get the other corporation to come in and settle, such statement being calculated to arouse the prejudices of the jury. Harry Bros. v. Brady, 86 S. W. Rep., 615; St. Louis Brewing Co. v. Kaltenbach, 84 S. W. Rep., 152.

It is error for the court to admit testimony tending to show that certain witnesses in certain situations distant from the engine, could, in their opinion, have heard the bell had it been ringing. Evidence of that character is irrelevant and immaterial, and involves the opinion of the witnesses upon a matter about which no opinion can be given, usurps the province of the jury and should have been excluded upon proper objections. Galveston, H. & S. A. Ry. v. Garteiser, 29 S. W. Rep., 940, 941; Galveston, H. & S. A. Ry. v. Duelm, 23 S. W. Rep., 596.

*R. L. Carlock,* for appellee Knowles.

*Capps & Cantey* and *Hanger & Short,* for appellee traction company.

STEPHENS, ASSOCIATE JUSTICE.—The ground of recovery in this case was the negligence of appellant in producing a collision between one of its freight trains and a street car operated by the Northern Texas Traction Company on the main thoroughfare leading from the city of Fort Worth to the town of North Fort Worth, in which car appellee, with many others, was a passenger. The collision took place February 1, 1905, about 6:30 o'clock a. m., before it was yet light, the weather being cloudy and drizzly. The street car was going south, toward the city of Fort Worth, and the freight train was going northeast, with three stock or box cars in front of the engine, which cut off the headlight so as to render it difficult for people at or near the crossing to discover the approach of the train. This freight train, which was a long one, had just started on its usual journey from Fort Worth to Sherman, pushing the cars in front of the engine as far as the stock yards, situated just beyond the crossing, to save the trouble of switching. The evidence was conflicting as to whether the train operatives gave the usual and required signals of the approach of the train, or whether there was a brakeman with a light on any of the cars in front of the engine, and if there was, whether he kept a proper lookout. The street car, which was an electric car, was brightly lighted, and, according to the great preponderance of the testimony, was stopped within a few feet of the railroad track just before the attempt was made to cross, but the operatives failed to discover the approach of the freight train, although they looked up and down the track. The evidence was also

conflicting as to the speed of the freight train, the estimates of the witnesses ranging from six to twelve miles an hour, but the demolished condition of the street car and the great distance—fifty-nine feet—it was found from the crossing after the collision, would seem to indicate that no witness overestimated the speed of the train. No watchman had been provided by the railway company to guard against accidents at this crossing, which was very extensively used by the public, being the main thoroughfare between Fort Worth and North Fort Worth and over which two street car companies operated cars, and in proximity to which was a large cold storage building so situated as to obstruct in a measure the view to the southwest of those going south toward the crossing.

Appellee sustained serious personal injuries and recovered a verdict and judgment for ten thousand dollars against the railway company, but failed to recover anything against the traction company, and from that judgment the railway company alone appeals.

The issues suggested by the above statement were correctly submitted in the charge of the court, and the verdict of the jury was clearly warranted by the evidence. Indeed, it would be difficult to account for the accident on any reasonable theory entirely consistent with the exercise of due care on the part of appellant. However, the theory was advanced by appellant that the street car unexpectedly started to cross the railway track without first making the usual stop to see if the way was clear, and some testimony was offered in support of this theory, which was distinctly submitted to the jury in subdivision 9-A of the charge, but the great preponderance of the evidence was to the contrary.

Whether the evidence raised the issue of appellant's liability on the ground of its failure to provide a flagman or watchman at the crossing, which was one of the issues submitted, is not quite so clear to the writer, though we are inclined to the opinion that it did. But however this may be, the charge submitting this issue does not seem to be distinctly complained of on the ground that the issue was not raised by the evidence. Besides, while the issue was submitted in the main charge as one of the several grounds of recovery, it seems to have been practically withdrawn by the following special charge given at the request of appellant: "If the jury believe from the evidence that the defendant railway company approached the crossing where the accident occurred at a reasonable rate of speed, and had given the proper statutory signals with reference to sounding the whistle and ringing the bell, and was not guilty of negligence with reference to the manner in which the cars were handled and the way same were lighted, and was exercising at the time such care as a reasonably prudent person would have exercised, then in such event said railway company would not be liable, and the jury will so find."

We find no merit in the criticism of the court's definition and explanation of proximate cause when applied to the facts of this case. Indeed, we do not very well see any room for controversy on that subject, since if appellant was negligent in any or all of the particulars specified in the charge given at its request and quoted above, the conclusion seems irresistible that the accident must have resulted therefrom.

Appellant sought to have the negative phase of some of the alleged grounds of negligence, not including, however, the failure to provide a flagman, separately and affirmatively submitted to the jury in special charges, but we think the submission of these phases of the issue in general terms in one paragraph of the charge, as was done, together with the affirmative submission set out in the special charge above quoted, fully met the requirements of the rule on that subject.

Complaint is made of the charge and of other matters affecting the issue between appellee and the traction company, but we fail to see what interest appellant now has, or ever had for that matter, in that controversy, which was entirely eliminated by the verdict. True, in its own protection each company endeavored on the trial to have the jury find that the other was exclusively liable, but unless this controversy was waged in such manner as to prejudice the rights of appellant in the recovery had against it by the appellee, it has no ground of complaint in this court, notwithstanding its ineffectual attempt to make the traction company a party to the appeal by including it in the appeal bond.

Appellant, however, justly complains of the misbehavior on the part of one of the advocates for the traction company in repeatedly asking the same question of different witnesses after the court had ruled against the admissibility of the testimony thus sought to be elicited, which was so clearly inadmissible that the attorney could not reasonably have supposed that he had a right to ask the question in the first instance, much less to repeat it. We have found some difficulty in overruling the assignment complaining of this feature of the trial, but have finally concluded that the recovery to which the appellee was so clearly entitled under the evidence should not be prejudiced by the conduct, for which he was in no way responsible, of an attorney for an opposing party, which at most amounted to an insinuation that a fact existed which the court would not permit to be proved, which was that conductors on appellant's trains had quit its service, or threatened to do so, on account of their being required to push box cars in front of engines going over the crossing in question. This method of handling box cars at the place of the collision was so obviously at variance with the dictates of common prudence that the jury could not well have found to the contrary, and as the circumstance sought to be elicited was only insinuated and then ruled to be inadmissible by the court, we feel justified in holding that no harm resulted from the misbehavior complained of. The same advocate was guilty of some reprehensible side-bar remarks which were calculated to prejudice the jury against appellant and bias them in favor of the traction company if accepted by the jury as true, but the court instructed them not to consider the remarks and we have no reason to think that the jury did not observe the instruction.

It seems that the traction company had made settlement with several passengers who had sustained injuries in the collision, and who testified in the case, their testimony being favorable to the traction company and unfavorable to the railway company, and the fact that these settlements had been made was therefore put in issue before the jury to affect the credibility of their testimony. The court instructed the jury not to

consider this testimony for any other purpose, and to this error is assigned on the ground that it "could and should, under the law, have been considered by the jury for any and all purposes," appellant contending that the making of such settlement by the traction company was an admission of liability on its part; but, as already seen, whether the traction company should or should not have been held liable to appellee is no longer an issue in the case, and was never any concern of appellant's. Besides, we are inclined to the opinion that the testimony was properly limited.

It was competent for the witnesses who saw the collision to state that they could have heard the bell or whistle of the engine, and the court did not err in so holding.

Nor did the court err in permitting appellee to state what occupation he could have followed before he was injured.

Several paragraphs of the charge have been criticised for assuming the existence of given facts, but we do not so read them.

The objection to the charge on the measure of damages involves at most an error of omission, which must be charged to appellant, as no steps were taken by it to supply the omission. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.