[No. 16625. Department Two. January 26, 1922.]

O. C. SMITH *et al., Respondents,* v. MAXWELL H. TELFORD, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS. A finding by the trial court on conflicting evidence will not be disturbed on appeal, where it is supported by the weight of the evidence.

EVIDENCE (86) — ADMISSIONS — OFFER OF COMPROMISE. Evidence tending to support an actual compromise and settlement is not within the rule which does not permit evidence of an offer of compromise.

APPEAL (437)—REVIEW—HARMLESS ERROR—RULINGS ON PLEADINGS. The denial of a motion to make a complaint more definite and certain cannot be urged as error on appeal, where the record shows that no prejudice resulted to appellant on account of the denial.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered April 5, 1921,

[1]Reported in 203 Pac. 938.

upon findings in favor of the plaintiffs, in an action for conversion, tried to the court.   Affirmed.

*Freece & Pettijohn*, for appellant.

*J. D. McCallum*, for respondents.

MAIN, J.—This action was brought to recover the value of approximately thirty-seven cords of wood, alleged to have been wrongfully converted by defendant to his own use.  The answer was a general denial.  The case was tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment sustaining the right of the plaintiffs to recover in the sum of $217.  From the judgment so entered, the defendant appeals.

Upon the merits, the questions presented are those of fact.  The appellant was the owner of a farm in Lincoln county upon which there was certain timber land.  In the fall of 1919, he contracted orally with O. C. Smith for the cutting of a portion of the timber into cord wood.  After the contract was made, O. C. Smith, together with his brothers, C. L. and E. A., entered upon its performance and cut approximately eighty cords of wood.  After the completion of the cutting, the respondents approached the defendant for the purpose of a settlement in accordance with the terms of what they claim to be a contract.  At this time it developed that the views of the respective parties as to the contract were divergent.  The respondents claimed that they were to cut forty cords for the appellant, for which they were to receive the reasonable value for cutting, which was not less than $3.50 per cord, and that for the other forty cords they were to pay $2 per cord stumpage.  The appellant claimed that the contract was that the wood should be equally divided, the respondents taking forty cords

in payment of the forty cords which they had cut for him. After this dispute arose, the respondents claim that they reached a compromise and settlement by which they were to pay $2 a cord stumpage for forty cords and were to receive twenty cords of the forty that was to go to the appellant in payment of the other twenty. The result of this would be that the respondents would be entitled to sixty cords and the appellant to twenty. The appellant denies that there was any compromise and settlement and insists that the contract was as originally claimed by him. A further question of fact is involved, and that is, whether the appellant prevented the respondents from entering upon the land and removing the thirty-seven cords of wood remaining thereon which was a part of the sixty. The appellant claims that he did not forbid the removal of any wood which belonged to the respondents.

It thus appears that there were three questions of fact upon which the evidence was directly conflicting: first, as to the terms of the contract; second, as to the settlement; and third, as to whether the respondents had been forbidden the entry upon the premises and the removal of the wood. Upon all these issues the trial court found specifically, supporting the contentions of the respondents. A careful reading of all the evidence leads to the conclusion that the findings of the trial court are supported by the weight thereof. It would serve no useful purpose to prolong this opinion by a detailed discussion of the evidence of the respective parties.

The appellant makes a further contention that evidence was wrongfully admitted, over his objection, which tended to support an attempt at compromise. The evidence offered was in support of what the respondents claim was a compromise and settlement, and

therefore did not come within the rule which does not permit evidence of an offer of compromise. Another contention is that the court erred in not sustaining a motion to make the complaint more definite and certain. Whether this motion should have been sustained is not now material. The record makes it plain that the appellant was in no manner prejudiced upon the trial by reason of the fact that the motion had not been granted. It would be an idle ceremony now to reverse the judgment and remand the cause for a recasting of the issues and a new trial when no prejudice has occurred.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.