[Civ. No. 3652.    Second Appellate District, Division Two.—June 29, 1922.]

## LELA MAY FITTS, Appellant, v. MISSION HEALTH AND BEAUTY SHOP et al., Respondents.

[1] PARTNERSHIP — TERM OF EXISTENCE — CONTRACT — PRIOR DISSOLUTION.—Where three persons enter into a contract of copartnership and fix a definite number of years as the term for which their proposed association should endure, two of them cannot annul it before the expiration of that period without the consent of the third party to such contract; and a provision in such contract relating to a basis for settlement in case of dissolution will be held applicable only in case of dissolution by consent.

[2] APPEAL — ERRONEOUS CONCLUSION — REVERSAL. — A judgment will not be reversed on appeal because a conclusion of the trial court is not legally sound, if the judgment is in fact a proper one.

[3] PARTNERSHIP — PREMATURE TERMINATION — REMEDY OF AGGRIEVED PARTY—COMPENSATION FOR SERVICES.—The termination of a partnership prior to the expiration of the term for which the proposed association should endure, without the consent of one of the parties thereto, will not give the latter a right to recover compensation for services performed for the partnership and the other partners "at their special instance and request," but she may sue at law to recover damages for breach of contract.

[4] ID.—OFFERS OF COMPROMISE—NONACCEPTANCE—RIGHT OF ACTION. The offers by one of the defendants to pay plaintiff the reasonable value of her services from the commencement of the partnership business to the dissolution thereof were not binding upon him, and plaintiff was not entitled to judgment because thereof, where such offers were efforts at compromise and they were not accepted by plaintiff.

[5] PLEADING—INSUFFICIENT DENIALS—WAIVER OF OBJECTION.—An appellant cannot on appeal avail herself of the ground that the denials of the defendants to her verified complaint were general and, therefore, insufficient to raise an issue, where she did not by demurrer, motion, or otherwise raise that objection in the trial court, and such denials were acted upon at the time of trial as sufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

3.  Powers, rights, remedies, and liabilities of partners after dissolution, note, 40 Am. St. Rep. 561.

William C. Jensen for Appellant.

C. L. Belt and A. E. Hamilton for Respondents.

CRAIG, J.—In this action the plaintiff brought suit upon seven alleged causes of action. She was made defendant in a cross-complaint. The court rendered judgment in her favor on all except the last count of the complaint and gave her judgment on the issue tendered by the cross-complaint. The appeal is taken from the whole judgment but appellant only urges a reversal of that part of the judgment which was rendered by the court against her on the seventh cause of action alleged in the complaint.

A written agreement was entered into between Stephen Innes, party of the first part, and Lela May Fitts and Isola Vassar, parties of the second part. This writing was dated February 24, 1920, and by its terms it was provided that it should last for a period of two years. In a general way the party of the first part was to finance and manage the beauty shop whose conduct was contemplated, and the parties of the second part were to supply their expert services in connection with the same. The memoranda of agreement is a long one and we will only set forth excerpts therefrom which are necessary to be construed.

After the stipulation to the effect that the contract shall endure for a period of two years, there follows this paragraph:

"It is hereby stipulated and agreed by all the parties hereto that in the event of annulment or cancellation of this contract, that in such event, all the assets, furnishings, equipment, utensils, belongings of any and every sort whatsoever, used in connection with this business during the period of operating same, shall be, and are hereby declared to be, the sole and exclusive property, title to all of which to alone vest in the party of the first part hereto. Both and each of the parties hereto, making the parties of the second part to this agreement, renouncing and disclaiming, as they now hereby do renounce and disclaim, any right, title or interest whatever in these said assets. Further declaring and stipulating at this time that all the claim, interest or right whatever said second parties either have or claim to have in this said enterprise is solely that of

the payment to each one of them respectively of the remuneration on the percentage basis as named and set forth above in this document for services, etc., rendered this enterprise as above. It being hereby further stipulated and agreed that in the event of dissolution of this co-operation, settlement with the parties of the second part hereto on the terms of this agreement shall have and is by stipulation hereby given prior claim."

This contract was terminated by the defendants before two years had expired. Concerning this fact finding 3 contains this statement: "the court finds that it is true that said defendants did on the 26th day of May, 1920, cancel and terminate said agreement without the consent and over the objections of plaintiff Fitts." It then concluded as a matter of law, "that the cancellation of said contract by defendants without the consent of plaintiff created no liability on the part of defendants or either of them by way of compensation or damages by reason of said cancellation of said contract." Appellant is correct in contending that this conclusion does not follow from the finding above quoted. [1] While it is true that the contract provides a basis for settlement in case of dissolution, we think that by that provision the parties had in mind a dissolution by consent. They having fixed two years as the term for which their proposed association should endure, two of them could not annul it without the consent of the third party to the contract. (*Ehrman* v. *Rosenthal,* 117 Cal. 491 [49 Pac. 460].) A legal dissolution, therefore, did not take place. [2] The termination, which the court found defendants brought about, was wrongful and constituted a breach of contract, but it is elementary that a judgment will not be reversed because a conclusion is not legally sound, if the judgment is in fact a proper one. [3] In this case the plaintiff is not entitled to judgment on her seventh cause of action. By it plaintiff seeks to recover not damages for breach of contract, but compensation for "services performed by plaintiff for the defendants at their special instance and request." In the count under consideration a remedy is sought to which plaintiff is not entitled under the facts of this case. By the terms of the contract she was a copartner with defendants, not an employee. She might have sued at law

to recover damages for breach of contract. (*Farwell* v. *Wilcox* (Okl.), 4 A. L. R. 156, 175 Pac. 936.) In that event, assuming that the facts proved would justify a recovery, the measure of damages would be her loss of a share in the prospective profits of the enterprise. (*Bagley* v. *Smith,* 10 N. Y. 489 [61 Am. Dec. 756].) But plaintiff has not sued for damages, and she has failed to show that she is entitled to recover on a contract, express or implied, for services rendered.

[4] Appellant insists that certain oral promises were made by defendant and were binding upon him and that judgment should have been rendered for plaintiff accordingly. The court found that the offers of defendant, Innes, to pay the plaintiff the reasonable value of her services since the commencement of the business were efforts at compromise. If this is true, such offers, not having been accepted, cannot be a basis upon which she can predicate a right to recover in this action. Appellant has not pointed out any evidence upon which she may rely as a basis for the contention that this finding is not supported by the evidence, and, from an examination of the transcript, we are satisfied that the finding was justified. The plaintiff at no time indicated an acceptance of the offers made by Innes.

[5] Appellant's third contention is based upon the following facts: The complaint was verified. The denials contained in the answers are not specific, but general only in character. Nevertheless, the court found that "paragraph II of the seventh cause of action set out in the amended complaint on file herein is untrue." Appellant insists that this finding is not supported because no issue was raised by the general denials of the answers. It does not appear that the plaintiff, by demurrer, motion, or otherwise, has heretofore raised the point that the denials in the answers were defective. It does appear that they were acted upon at the time of trial as sufficient. Under such circumstances appellant cannot at this time avail himself of the ground that they are in fact imperfect and that they are general instead of specific in form. (*Loftus* v. *Fischer,* 106 Cal. 616 [39 Pac. 1064]; *Stockton etc. Wks.* v. *Glens etc. I. Co.,* 121 Cal. 167 [53 Pac. 565].) If appellant's contention

is true, she should have moved for judgment on the pleadings. (*Hearst* v. *Hart,* 128 Cal. 327 [60 Pac. 846].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.