SYLVIA SWEETEN MYERS, APPELLANT, V. RAY MCMAKEN: WATSON BROTHERS TRANSFER COMPANY, INC., APPELLEE.

276. N. W. 167

FILED NOVEMBER 12, 1937. No. 30077.

*Gaines, McLaughlin & Gaines* and *L. Q. Hills,* for appellant.

*Fradenburg, Webb, Beber, Klutznick & Kelley, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

Plaintiff commenced this action against the defendants to recover damages for injuries sustained in an automobile

collision. The trial court directed a verdict against plaintiff as to the defendant Watson Brothers Transfer Company. From the overruling of her motion for a new trial, plaintiff appeals.

The evidence discloses that on July 28, 1935, at about 3 a. m., a truck bearing the name of Watson Brothers Transfer Company collided with the automobile in which plaintiff was riding, causing the injuries of which she complains. Defendant in its answer pleaded that Ray Mc-Maken, the truck driver, was the owner of the truck, which allegation was not denied in the pleadings or evidence. It further appears that McMaken was a foreman for defendant at its warehouse, working regularly from 1 p. m. to 10 p. m. of each day. The record further shows that, after colliding with the car in which the plaintiff was riding, McMaken attempted to escape from the scene of the accident but was caught by a policeman a block or two away. Plaintiff attempted to prove by the officer that at the time McMaken was apprehended he informed the officer "that he was in a hurry and he was going to make a pick-up for Watson Brothers Company by whom he was employed." This evidence of the officer was excluded by the trial court and plaintiff contends that this ruling was prejudicially erroneous. Plaintiff also offered evidence to the effect that the owner of the car in which plaintiff was riding negotiated a settlement with the Watson Brothers Transfer Company at which time Ray Watson, an officer of the company, stated that he desired to negotiate a settlement of damages with the plaintiff. This evidence was also excluded by the trial court and is alleged by plaintiff to constitute prejudicial error.

It cannot be successfully disputed that plaintiff had the burden of proving that Watson Brothers Transfer Company was the owner of the truck, that McMaken was an employee of the owner, and that McMaken was, at the time of the accident, engaged in the business of his employer. Plaintiff contends that evidence showing that the name of the defendant Watson Brothers Transfer Com-

pany was painted on the outside of the truck is sufficient to take the issue of ownership to the jury. The better rule is that such evidence raises a presumption of ownership. *Tieman v. Red Top Cab Co.*, 117 Cal. App. 40, 3 Pac. (2d) 381; *Robeson v. Greyhound Lines, Inc.*, 257 Ill. App. 278; *Rockwell v. Standard Stamping Co.*, 210 Mo. App. 168, 241 S. W. 979; *Weber v. Thompson-Belden & Co.*, 105 Neb. 606, 181 N. W. 649. This presumption vanishes, however, when rebutted by uncontradicted proof. *Silent Automatic Sales Corporation v. Stayton*, 45 Fed. (2d) 471. In the case at bar it is not disputed that McMaken was the owner of the car. Any presumption that Watson Brothers Transfer Company was the owner because of the fact that its name was written on the truck must necessarily fall where the record establishes that the driver of the truck was in fact the owner. There being insufficient proof in the record that Watson Brothers Transfer Company was the owner of the truck, there can be no presumption that the driver of the truck was its employee engaged within the scope of his employer's business at the time of the accident. The record further shows that McMaken was a warehouse foreman for Watson Brothers Transfer Company, working from 1 p. m. to 10 p. m. each day. The evidence shows that the accident occurred at about 3 a. m. The record is therefore devoid of any proof that McMaken was an employee engaged in his master's business when the accident occurred.

Appellant argues that the statement of McMaken made to the police officer provides the necessary proof and that the court erroneously excluded it.

Assuming for the sake of argument that the statement made to the police officer was a part of the *res gestæ*, yet it can avail the plaintiff nothing because of another well-established rule of law, to wit: "Evidence of acts or declarations of an agent concerning the existence or extent of his authority is not admissible against the principal to prove its existence or extent." *Le Bron Electrical Works, Inc., v. Livingston*, 130 Neb. 733, 266 N. W. 589, and au-

thorities therein cited. There being no other competent evidence in the record establishing the agency, and the alleged *res gestæ* statement being incompetent for that purpose, there is a failure of proof on the part of plaintiff on this fundamental issue.

Plaintiff contends, however, that if the statement was a part of the *res gestæ* it is within an exception to the general rule and can be used as proof of the agency of the employee. Plaintiff cites cases sustaining this contention. We think that these decisions constitute a minority view and that the better rule is that statements of an alleged agent concerning the existence or extent of his authority are not admissible against the principal to prove its existence or extent even though they might properly be designated as a part of the *res gestæ*. In the case at bar, the thing that produced a spontaneous utterance of the alleged employee, if it can be said that one was made, was the collision. The utterance throws no light upon the accident, nor does it tend to show who was to blame. It refers only to matters entirely disconnected with the accident and therefore cannot be admissible as *res gestæ*. The correct rule is stated by an authoritative text as follows: "Evidence of statements by agents or servants made under the impulse of emotion and relating to an event then occurring is admissible to the same extent as if made by a person not an agent. The fact that a person while doing an act is an agent and makes comments with respect to such act does not of itself cause the evidence to be admissible. It may be admissible as an operative fact or it may be admissible to show the motive or purpose with which the act was done. Unless it is so admissible, however, it is not admissible against the principal except to the extent that the statements of any person at the time and place and operating under the same emotion would be admissible." 2 Restatement, Agency, sec. 289, comment d. We necessarily conclude that the trial court properly rejected the statement made by the truck driver to the police officer.

528

Plaintiff further complains of the ruling of the trial court in excluding the alleged admission of liability by Ray Watson, an officer of the Watson Brothers Transfer Company. The substance of the alleged admission was that defendant desired to negotiate a settlement with plaintiff. It is not alleged that there was an admission of any act or facts that would make the defendant liable. The most that can be said for the purported admission is that it expresses a desire to settle the controversy. Settlements are favored in the law. It is common knowledge that a person disclaiming all liability may endeavor to buy his peace by ridding himself of the annoyance of litigation. Certainly the expression of a desire to do the thing which the law favors, without admitting the truth of any fact in issue in the controversy, does not constitute an admission against interest upon which liability can be predicated. The reason is just as applicable where the purported admission was made to a third person as when made to the person pressing a claim. *Creighton v. Chicago, R. I. & P. R. Co.,* 68 Neb. 456, 94 N. W. 527. The statement offered in evidence as an admission in the case at bar merely implies a desire for peace, not a concession of a wrong. The trial court properly rejected the offer.

For the reasons herein set out, we conclude that the rulings of the trial court were in all respects correct and that a verdict was properly directed against the plaintiff on her claim against the Watson Brothers Transfer Company.

AFFIRMED.