### QUIEL v WILSON

Ohio Appeals, 1st Dist, Clermont Co

Decided June 24, 1940

Robert J. Harris, Cincinnati, for appellee.

Fred W. Murphy, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Clermont County, upon a verdict in favor of the plaintiff.

The action was instituted to recover damages for personal injuries suffered by the minor plaintiff when he was struck by an automobile driven by the defendant.

The main assignment of error relied upon by the appellant is, that the court, without any qualification, admitted for all purposes the testimony of a physician in which it appeared that the defendant had stated that he would pay for medical services and hospital bills which were necessarily to be incurred in the treatment of the minor plaintiff after the defendant had brought him to the physician's office immediately after the accident.

The physician testified as follows:—

"Q. I will ask you if you heard this gentleman make any statement? A. Well, the little boy was crying and carrying on and said he didn't know what he was going to do; his mother couldn't

afford to pay a hospital bill or pay for having his leg fixed and the man that was in the accident, which you say was Mr. Wilson, remarked to him for him not to worry about that, that he would take care of the bills. That was all that was said. After I fixed it up I went out and asked if he had any automobile accident insurance and he said 'No', and I think he said he had been sick himself. His insurance had lapsed and he didn't have any, but he would see that the bills were paid—any expense with the child, and I told him he would be transferred to the hospital.

"Q. You distinctly heard him say he would? A. Statement he made was, he said, 'The bills will be paid.'

"Q. He said to the boy, 'I will take care of the expenses, don't worry'? A. Yes.

"Q. You are positive you heard him made that statement? A. Yes."

The defendant vigorously denies liability for the injury, claiming that the boy ran out in front of his automobile and that he had no warning and was unable to stop. The defendant states that the promise made to physician was wholly gratuitous and was not prompted by any attitude of responsibility for the boy's injuries. Obviously, such could have been the case. If such evidence were to be considered admissible, it is manifest that no one, however kindly disposed to be of service in an emergency, would dare proffer his service or agree to be responsible for care and treatment without jeopardizing himself and by such acts furnish evidence through which he would be held to account for an injury for which he was in no way legally responsible. The Good Samaritan would have furnished evidence thus against himself for the injuries to the wayfarer who fell among thieves and robbers.

The court committed error in admitting this evidence. Was such error prejudicial to the defendant?

It is claimed by the plaintiff that it was not so prejudicial, because the mother of the plaintiff testified that the defendant had stated to her

that he was to blame for the accident and that he would pay all expenses incident to the accident.

The plaintiff claims the evidence was merely cumulative, and, therefore, not prejudicial.

It is obvious that the mother was vitally interested in the case, though not an actual party. The jury might discount her evidence, but, certainly, the evidence of the physician when added to that of the mother was more than merely cumulative. It was corroborative and when it is considered that it was given by a disinterested person becomes most effective in favor of the plaintiff. For this reason, it was undoubtedly prejudicial.

The judgment should be reversed and the cause remanded for a new trial.

HAMILTON, PJ. and MATTHEWS, J., concur.