[Civ. No. 15641. Second Dist., Div. Two. May 12, 1947.]

JACK J. BROWN, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Frank Karr, C. W. Cornell and O. O. Collins for Appellant.

Irving E. Read for Respondent.

MOORE, P. J.—Defendant railway company appeals from an adverse judgment in the sum of $15,000 for personal injuries alleged to have been received by appellee as the result of a collision involving an electric interurban train of appellant. Two automobiles suffered from the impact, to wit, plaintiff's automobile, and the motor car of defendant Cham-

pion. The accident occurred on the late afternoon of March 21, 1944, at the intersection of Hollywood Boulevard and Wilton Place in the city of Los Angeles. When the train was about 100 feet east of Wilton Place appellee's car came to a stop at that intersection. Immediately thereafter a large automobile driven by Champion veered from its lane of travel onto the track in front of the interurban. The motorman testified that he put the electric train into emergency and sounded his bell and whistle but lack of space rendered it impossible for him to bring the train to a standstill before striking the Champion car, causing it to collide with the automobile of appellee which resulted in the injuries on account of which this action was prosecuted.

It was contended by appellant at the trial that Champion turned in front of the trolley car when it was so close to the automobile of appellee that it could not be stopped by the exercise of ordinary care on the part of the motorman. On the contrary appellee contended that the distance between the train and the automobile of Champion was such that the former could have been stopped in the exercise of ordinary care before a collision. In support of such contention appellee produced a number of witnesses who testified that their attention was attracted by the clanging of the bell or the blowing of the whistle when the trolley was some distance behind Champion's car, the estimates varying from 50 to 150 feet.

In addition to its general denial appellant alleged as an affirmative defense that the accident was caused solely by the negligence of Champion in the operation of his motor car. After the trial had continued for about six days he was called to testify on his own behalf. The following question was asked by his counsel. "Did the Pacific Electric Railway make a settlement with you for the injuries you sustained?" The proceedings which followed indicate that the trial judge and all counsel regarded the objection as directed to the incompetency of the testimony in that it was an attempt to establish defendant company's liability by proof that it had settled a third party's claim for personal injuries sustained in the same accident complained of by plaintiff. Champion's counsel stated that he offered the testimony as an admission against interest. Outside the presence of the jury appellant moved the court for a mistrial on the ground that appellant could not possibly have a fair trial before that jury by reason of Champion's affirmative answer.

The motion for a mistrial having been denied, the court admitted, over objection as to its relevancy, evidence to the effect that an adjuster for the insurance carrier of Champion caused the latter's automobile to be repaired at a cost of $771.37, which was paid by the insurer and for which sum the latter was reimbursed by appellant. The order of the court in overruling appellant's objection to such testimony is assigned as prejudicial error. Numerous authorities have been presented on both sides of this issue, a review of which has led to the unavoidable conclusion that both by reason and by the weight of authority the ruling was prejudicial error.

### INADMISSIBILITY OF COMPROMISE SETTLEMENTS

While it is the policy of the law to discourage litigation and to encourage compromise of doubtful rights and controversies (*Hamilton* v. *Oakland School Dist.*, 219 Cal. 322, 329 [26 P.2d 296]), appellee contends in effect that proof of a settlement of the controversy made by the defendant in an action with a third party who was injured in the same accident as that which constitutes the basis of plaintiff's claim is not inhibited by section 2078, Code of Civil Procedure. That statute declares that "an offer of compromise is not an admission that anything is due." While it refers to offers only, yet the doctrine that a plaintiff may prove that the defendant has satisfied the demands of a third party who was a victim of the same tort as that alleged by plaintiff is so tenuous and rests upon such precarious support that it should not be extended without legislative enactment. The general rule is to reject such evidence as irrelevant and incompetent.

Evidence of a compromise settlement by the defendant of a claim which originated in the very tort alleged by the plaintiff is inherently harmful in the trial of an action for personal injuries. It invades the province of reason in the exercise of its function to ascertain the truth as to whether the alleged tort feasor has committed actionable negligence or has failed to perform an act which in the exercise of reasonable care he should have performed, to the detriment of the claimant. Where the culpability of a defendant in an action based upon his alleged negligence is in issue it should be the aim of the court to endeavor to derive a determination of factual liability by competent proof of the circumstances and occurrences constituting the transaction alleged, and it should not be guided by compromise settlements which the defendant has made of other claims arising out of the same

facts. In such a trial there is no proper alternative to the art of presenting only competent evidence and of making sound deductions and drawing reasonable inferences therefrom. When the fact finders enter upon their task poisoned with the recital of some irrelevant event that transpired subsequent to the alleged negligent act they are under a handicap which is not only difficult to disregard but which cannot be eliminated because it has the obvious approval of the judge whose views juries are prone to follow in determining facts if an opportunity is presented for them to ascertain the judicial trend. Moreover, the extrajudicial admission of a party not learned in the law that he is liable amounts to no more than a legal opinion at its best. A fully blown legal opinion asserted by an agent of the alleged tort feasor outside of court would not be admissible as competent evidence.

Proof of the settlement made by the corporation with Champion contains no evidence of the admission of the corporation's negligence. It shows no more than the diligence of appellant to buy its peace with the party whose claim was modest and whose automobile had actually been struck by the train. The bare statement that Champion had been compensated for his losses falls far short of an admission of a fact showing the motorman's actionable negligence. It appears to be the prevalent rule in California and in the other states of the Union that in actions for personal injuries arising out of negligence evidence of a settlement with another claimant for injuries caused by the same tort alleged by plaintiff, not connected up with any act admitted by the defendant and which shows his liability for the accident, is clearly irrelevant and therefore inadmissible. (*Citti* v. *Bava*, 204 Cal. 136, 138 [266 P. 954]; *Curtis* v. *McAuliffe*, 106 Cal.App. 1 [288 P. 675]; *Georgia Ry. & Electric Co.* v. *Wallace & Co.*, 122 Ga. 547 [50 S.E. 478, 480]; *Smith* v. *Sanders*, 293 Ky. 6 [168 S.W.2d 359]; *Moore* v. *Stetson Machine Works*, 110 Wash. 649 [188 P. 769]; *Quiel* v. *Wilson* (Ohio App.), 34 N.E.2d 590.) It is contrary to public policy to subject a person who has compromised a claim to the hazard of having his settlement proved in a subsequent lawsuit by another person asserting a cause of action arising out of the same transaction. To receive such evidence would inevitably tend to discourage settlements out of court if one's purchase of his peace with one person were to be thereafter taken as an admission of his liability for an occurrence which brought injury to another. Reasonable and compelling circumstances might very

well influence the defendant to make settlement with the third person while denying all liability to the plaintiff. No party to a justiciable controversy should be discouraged from amicably adjusting his claim by the fear that he might subsequently be confronted with the contention that his concession there was an admission of liability. The rule protecting compromises is too salutary to be whittled away. (*Hawthorne* v. *Eckerson Co.*, 77 F.2d 844; *Olshove* v. *Pere Marquette Railroad Co.*, 263 Mich. 579 [248 N.W. 906]; *Pfiffner* v. *Kroger Grocer & Baking Co.* (Mo.App.), 140 S.W.2d 79; *Paster* v. *Pennsylvania R. R. Co.*, 43 F.2d 908; *Louisville etc. Ry. Co.* v. *Roberts*, 13 Ind.App. 692 [42 N.E. 247]; *T. M. Deal Lumber Co.* v. *Jones,* ·137 Kan. 480 [21 P.2d 933, 935]; *Whitney* v. *Louisville & N. R. Co.*, 296 Ky. 381 [177 S.W.2d 139]; *Fulton Iron & E. Works* v. *Kimball*, 52 Mich. 146 [17 N.W. 733]; *Comstock* v. *Georgetown Township*, 137 Mich. 541 [100 N.W. 788]; *Creighton* v. *Chicago R. I. & P. Ry. Co.*, 68 Neb. 456 [94 N.W. 527]; *Nadler* v. *Willen*, 190 N.Y.S. 577; *Skelly Oil Co.* v. *Johnson*, 190 Okla. 45 [120 P.2d 626]; *Rookard* v. *Atlantic etc. Ry. Co.*, 84 S.C. 190 [65 S.E. 1047, 137 Am.St. Rep. 839, 27 L.R.A.N.S. 435]; *Svea Fire & Life Ins. Co.* v. *Spokane etc. Ry. Co.*, 175 Wash. 622 [28 P.2d 266, 267]; *Hill* v. *Hiles*, 309 Ill.App. 321 [32 N.E.2d 933].)

RESPONDENT'S THESIS AND AUTHORITIES

As against such doctrine and the authorities above cited appellee fervently contends (1) that the only evidence excluded by such general rule is the offer of compromise by one of the instant litigants to the other (Code Civ. Proc., § 2078), and (2) that evidence of a settlement by the defendant with a person injured in the accident out of which plaintiff's cause arose is admissible. (*Smith* v. *Whittier*, 95 Cal. 279, 296 [30 P. 529]; *Story* v. *Nidiffer*, 146 Cal. 549, 551 [80 P. 692]; *Fitts* v. *Mission Health etc. Shop*, 58 Cal.App. 362, 365 [208 P. 691]; *Harris* v. *Miller*, 196 Cal. 8, 18 [235 P. 981]; *Dugger* v. *Kelly*, 168 Iowa 129 [150 N.W. 27]; *Texas & N. O. R. Co.* v. *Commercial Union Assurance Co.* (Tex.Civ.App.), 137 S.W. 401, 402; *Weiss* v. *Kohlhagen*, 58 Ore. 144, 153 [113 P. 46]; *Smith* v. *Telford*, 118 Wash. 502, 504 [203 P. 938]; *Nickles* v. *Seaboard Air Line Ry.*, 74 S.C. 102, 131 [54 S.E. 255]; *Tennessee Coach Co.* v. *Young*, 18 Tenn.App. 592 [80 S.W.2d 107]; *Magnolia Petroleum Co.* v. *Owen* (Tex.Civ. App.), 101 S.W.2d 354; *Chicago R. I. & P. Ry. Co.* v. *Rhodes*, 21 Colo.App. 229 [121 P. 769]; *Coffin* v. *Plymouth*, 49 N.H.

173; *Goddard* v. *Berlin Mills Co., Goddard* v. *Brown Co.,* 82 N.H. 225, 229 [131 A. 601]; *Thweatt* v. *Ocean A. & G. Corp.* (Tex.Civ.App.), 62 S.W.2d 250, 254; *Magnolia Pet. Co.* v. *Reed* (Tex.Civ.App.), 42 S.W.2d 274.) Certain of these authorities tend to support respondent's contention while others are of no value upon the question at issue. In some instances the evidence was received on a proper redirect examination of a witness; in some the proof was of a completed settlement between the parties before the court; in some the court misconstrued the decision cited as authority for the admissibility of the evidence of compromise, while in others the holding is dictum, or the settlement contained an admission of a fact that proved liability, or supported the general rule.

Whether evidence of a compromise with a third party injured in the accident alleged in plaintiff's complaint is admissible as proof of defendant's liability appears to have been decided both ways by the courts of Texas. It is possible that the authorities that permitted such evidence (*Magnolia Petroleum Co.* v. *Owen; Thweatt* v. *Ocean A. & G. Corp.; Magnolia Pet. Co.* v. *Reed*) might be distinguished upon case study. However, that problem will be left to the skill of the Texas courts. Four Texas decisions (*Missouri, Kansas & Texas Railway Co. of Texas* v. *Smith* (Tex.Civ.App.), 101 S.W. 453; *International & G. N. R. Co.* v. *Ragsdale,* 67 Tex. 24 [2 S.W. 515]; *St. Louis, San Francisco & Texas Railway Co.* v. *Knowles,* 44 Tex.Civ.App. 172 [99 S.W. 867]; *Simmons* v. *Perkins* (Tex.Civ.App.), 193 S.W.2d 737) clearly hold that proof of settlement with a third party is inadmissible. The latest expression is that in the Simmons case wherein the court held that "these payments were made as a result of compromises and evidence relating thereto should have been excluded."

RESPONDENT'S THESIS REJECTED

Adverting to appellee's argument that the statute merely forbids the admission of an offer of compromise in proof of liability, this exact question came recently before the Kentucky Court of Appeals in *Whitney* v. *Louisville & N. R. Co.,* 296 Ky. 381 [177 S.W.2d 139]. By its settlement of the claim for the death of a truck driver the railroad company agreed to pay a further sum in the event the widow should not recover the maximum award before the Workmen's Compensation Commission. In attempting to collect from the company the sum he was obliged to pay the widow, Whitney offered evidence of a settlement between the administratrix

of the truck driver's estate and the company. On appeal he contended that while proof of an offer of compromise is inadmissible, proof of a consummated settlement is admissible. The court held that "the reason for rejecting offer of compromise remains under conditions like those appearing in this case where the issue was liability or nonliability for the accident, and the settlement agreement contained no statement of fact constituting an admission against interest. We have ruled in accordance with the basic principles of judicial policy that where there are two causes of action arising from the same act or accident a compromise with one party may not be proved in the action of the other. . . . The court properly refused to allow the plaintiff to introduce the settlement in evidence."

From the foregoing it is clear that the weight of authority favors the exclusion of a defendant's settlement with a third person for injuries caused by the same accident in which the plaintiff's claim arose as evidence of defendant's liability. By reason of this conclusion it will be unnecessary to discuss the other assignments.

The order denying a motion for new trial being nonappealable the attempted appeal therefrom is dismissed. The judgment is reversed.

McComb, J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 10, 1947. Carter, J., voted for a hearing.