·FROST, CURYEA & MURTEY, APPELLEE, V. ERNEST RONNE ET AL., APPELLANTS.

FILED JUNE 12, 1925. No. 23211.

1. **Agency: PROOF.** Evidence of the acts or declarations of a person alleged to be an agent is not admissible for the purpose of establishing the agency.
2. **Mechanics' Liens.** Evidence examined, and *held* insufficient to support the decree establishing a mechanic's lien.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Affirmed in part, and reversed in part.*

*James E. Bednar,* for appellants.

*J. A. Capwell, D. O. Dwyer* and *Homer L. Kyle, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and EVANS, JJ., and REDICK, District Judge.

REDICK, District Judge.

Action to foreclosure a mechanics' lien on a 240-acre farm in Cass county, owned by Fred Ronne until his death April 18, 1921, when it passed to his heirs, who are made defendants. The Lincoln Joint Stock Land Bank and Nebraska State Bank held mortgages on the land, were made defendants, and filed cross-petitions praying establishment of the liens thereof prior to plaintiff's alleged lien. Decree was rendered finding the mortgage of Lincoln Joint Stock Land Bank a first lien; a mechanic's lien in favor of plaintiff for $978.87 second, and Nebraska State Bank mortgage third. The Ronne heirs and Nebraska State Bank appeal

from decree allowing the mechanics' lien, the validity of which is the only question presented.

Plaintiff alleges that it is a partnership engaged in the lumber business at Manley, Nebraska; that Fred Ronne was the owner of the lands upon which the improvements were made, and on March 9, 1920, plaintiff made an oral agreement with Fred Ronne to furnish materials for the construction of a hog house and for other materials for the improvement of said lands; that said materials were furnished between March 9, 1920, and April 18, 1921, in the amount of $903.35, and that a claim of lien therefor was duly filed August 12, 1921. These matters were put in issue by proper pleadings. The error assigned is that the decree is not supported by the evidence, which requires a brief summary thereof. Plaintiff had no dealings directly with Fred Ronne, who lived in Weeping Water. The entire negotiations were with Frank Ronne, a son of Fred, who was in possession of the land as a tenant of his father at a cash rental. The existence of a contract with the owner as a basis for the lien, therefore, depends upon the alleged agency of Frank. The evidence claimed to establish such agency is the fact that Frank was the son of Fred; that he was a tenant of Fred's farm, and that, when the arrangement was made and first materials bought, Frank told plaintiff that "he was going to build a hog house; that his father and him had talked it over," and told plaintiff to charge the materials to him (Frank) and his father would pay him and he would pay plaintiff.

Frank, called as a witness for plaintiff, denied the statements attributed to him. But, assuming plaintiff's evidence to be true in every particular, it is clearly insufficient to establish agency. Frank as a tenant had no authority to incumber the land for improvements. *Waterman v. Stout,* 38 Neb. 396; *Moore v. Vaughn,* 42 Neb. 696. As a son of Fred Ronne he had no implied authority. No circumstances are shown in the evidence authorizing such implication. The son was not living with the father as a member of his family. The father lived in a distant city, though in the

same county, and is not shown to have had any knowledge that the hog house was being built.   There is no evidence of holding out one as agent.   The supposed principal is not connected with the transaction except by the alleged declarations of the agent.   On the contrary, it appears that Frank had dealt with plaintiff on his own account for two or three years; that the materials in question were charged to Frank; that the death of the father occurred about a month after the first bill was bought; that plaintiff took Frank's note for $650 about November, 1921, and subsequently renewed it; that plaintiff never demanded payment from Fred Ronne nor the estate until August, 1921, some 15 months after his death.   There is nothing to show what materials went into the hog house and what for other improvements. The proof of agency rests entirely upon the declarations of the alleged agent, when not under oath, which are not competent for that purpose.   *Farmers Cooperative Shipping Ass'n v. Adams Grain Co.*, 84 Neb. 752; *Fitzgerald v. Kimball Bros.*, 76 Neb. 236.   When called as a witness, he denied making such declarations.   The distinction between evidence of the declarations of the supposed agent, not under oath, and his testimony upon the trial, as proof of the fact of agency, is pointed out in *George v. Leypoldt & Pennington*, 108 Neb. 395.   Other questions are discussed in the briefs; but, in view of our conclusion above stated, it is not necessary to decide them.

Decree of district court reversed and cause remanded, with instructions to dismiss plaintiff's action at its cost, in all other respects, the decree is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.