LE BRON ELECTRICAL WORKS, INC., APPELLEE, V. CLYDE
LIVINGSTON, APPELLANT.

FILED APRIL 10, 1936. No. 29631.

*Foster & Yates, Frank A. Dutton* and *Jack Lee,* for appellant.

*William A. Day, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

CARTER, J.

This was an action brought by the Le Bron Electrical Works, Inc., against Clyde Livingston to recover the reasonable value of services rendered and materials used in repairing certain electrical refrigerating machinery. Plaintiff obtained a verdict for $195.28, upon which judgment was entered. From the overruling of his motion for a new trial, defendant appeals.

The record shows that on October 16, 1933, Clyde Livingston was the owner of certain refrigerating machinery and equipment that he had stored in Omaha. On that date he sold the machinery to George E. Williams who immediately removed it to his place of business in Omaha. The contract was signed by Clyde Livingston in Des Moines, Iowa, where he resided. The record further shows that the machinery was not in a good state of repair, and that Williams, when he discovered this fact, went to Bertha E. Livingston, the

mother of the defendant, and told her he would not go through with the contract unless it was put in proper condition. Mrs. Livingston thereupon employed plaintiff to do the work and furnish the repairs. Williams later sold the machinery to one Locier, who subsequently defaulted on the payments due on the conditional sale contract held by Livingston and returned the property to him. Plaintiff demanded payment from Clyde Livingston on its account and payment was refused on the ground that he had not contracted for any such work nor had he authorized any one for him to so do.

The only question for determination is whether Bertha E. Livingston was the agent of Clyde Livingston with authority to bind him in the transaction, or, if she was without such authority, whether her acts in employing plaintiff were ratified by him.

The only evidence in the record tending to show that Bertha E. Livingston was the agent of Clyde Livingston is that of witnesses who testify to the declarations and actions of Bertha E. Livingston. This evidence was not properly admitted to show the relation of principal and agent between Clyde Livingston and Bertha E. Livingston. The rule of law applicable thereto is as follows:

"Evidence of a statement by an agent concerning the existence or extent of his authority is not admissible against the principal to prove its existence or extent, unless it appears by other evidence that the making of such statement was within the authority of the agent or, as to persons dealing with the agent, within the apparent authority or other power of the agent." Restatement, Agency, sec. 285.

"Evidence of the acts or declarations of a person alleged to be an agent is not admissible for the purpose of establishing the agency." *Frost, Curyea & Murtey v. Ronne,* 113 Neb. 655, 204 N. W. 387. See, also, *Farmers Cooperative Shipping Ass'n v. Adams Grain Co.,* 84 Neb. 752, 122 N. W. 55; *Fitzgerald v. Kimball Bros. Co.,* 76 Neb. 236, 107 N. W. 227.

There is evidence that Frank Yates, an attorney in

Omaha, made certain declarations indicating that he was the agent and attorney for Clyde Livingston. Such declarations were not competent to show the relation of principal and agent between Frank Yates and Clyde Livingston under the rule hereinbefore cited.

Appellee contends that there was a ratification of the contract by Clyde Livingston. The only evidence on this subject is a statement alleged to have been made by Clyde Livingston to Williams, the purchaser of the machinery, in the following language: "We would like to have you pay Le Bron and then I will pay mine, so you can get going and then you can pay on the contract and everything will be all set." This statement was denied by Livingston. The evidence does not show that Livingston had knowledge of any of the facts surrounding the transaction in question at the time of the alleged statement.. It is clearly the rule that, since ratification rests upon assent, to be binding it must, as a rule, be made with full knowledge of all the facts necessary to an intelligent exercise of the right of election. Tiffany, Agency, secs. 16, 17.

"No doctrine is better settled, both upon principle and authority, than this—that the ratification of an act of an agent previously unauthorized must, in order to bind the principal, be with a full knowledge of all the material facts. If the material facts be either suppressed or unknown, the ratification is treated as invalid, because founded in mistake or fraud." Story, J., in *Owings v. Hull*, 9 Pet. (U. S.) *607, *629, 9 L. Ed. 246. "Knowledge by the principal of the material facts is an essential element of an effective ratification by him of the unauthorized act of his agent." *O'Shea v. Rice*, 49 Neb. 893, 69 N. W. 308. The foregoing rule certainly is just as applicable where the ratification of the acts and declarations of a stranger is involved.

The case at bar was tried and submitted to the jury on the theory that Bertha E. Livingston was the agent of Clyde Livingston. The question of ratification of the acts of a stranger to the transaction was not submitted. The evidence is not sufficient to show a binding ratification on the

part of Clyde Livingston in the view of the rule hereinbefore expressed. The statement alleged to constitute a ratification is not definite or certain and contains nothing from which the knowledge of the facts required in order to constitute it a binding ratification could be inferred.

· We have therefore concluded that the trial court erred in not sustaining defendant's motion for a directed verdict. The judgment of the district court is therefore reversed and the cause is remanded.

REVERSED.