**James E. HOWELL, Plaintiff,**

v.

**ALLIED MUTUAL CASUALTY COMPANY OF DES MOINES, IOWA, a mutual insurance company, Defendant.**

**Civ. No. 01008.**

United States District Court
D. Nebraska.

June 2, 1961.

Thomas J. Walsh, Haney & Walsh, Swarr, May, Royce, Smith, Andersen & Ross, Omaha, Neb., for plaintiff.

Harry L. Welch, Harold W. Kauffman and Gross, Welch, Vinardi, Kauffman, Schatz & MacKenzie, Omaha, Neb., for defendant.

DELEHANT, District Judge.

This action is before the court upon a motion for summary judgment (filing 8) served and filed by the defendant. Ruling upon it must be premised upon plaintiff's complaint (filing 1), defendant's answer (filing 6), defendant's request for admissions (filing 9), together with plaintiff's answer thereto (filing 12), plaintiff's request for admissions (filing 10), together with defendant's answer thereto (filing 11), and an affidavit of Mr. Thomas J. Walsh, one of plaintiff's attorneys (filing 13).

By virtue of an order of the court, made and given on March 27, 1961, under agreement of counsel, it was directed that the motion for summary judgment be submitted upon briefs of counsel, but with the granting of leave for the taking on or before April 9, 1961 by the plaintiff of the deposition of one John H. Schon. The deposition of Schon was not taken. No such deposition has been filed, and no request has been made for the enlargement of the time for its taking. The court, therefore, concludes that the project for its taking has been abandoned. The briefs of counsel have been served and delivered to the court. Because of certain features contained in them, they are being surrendered herewith to the clerk, who, by a separate order, is being directed to file them in the case.

At this juncture in the present action, it is appropriate briefly to recall the rule within which the motion is tendered, and the standards which have been judicially developed and are consistently accepted for its administration. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., erects a comprehensive procedure through which, in appropriate circumstances, a party litigant may seek, and, if the record warrants, obtain a summary judgment in his, her or its behalf, sometimes in respect of the entire subject of litigation, on other occasions, upon a portion only of the matter or matters in controversy.

By Rule 56(b), it is provided:

"(b) *For Defendant Party*. A party against whom a claim, counter-claim, or cross-claim is asserted * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

Rule 56(c) has to do with motions for summary judgment generally alike, one made in behalf of a claimant, and one sought by a defending party. In its presently material part it provides:

"* * * The judgment sought shall be rendered forthwith *if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Emphasis added.)

The language just *underscored* is the presently vital part of the rule. For, in a single sentence, it defines the test, for failure to comply with which, a motion for summary judgment must be denied, but, by meeting which, a moving party establishes his right to the relief he seeks. It is to be observed, too, that to entitle a moving party to a summary judgment, it must be established both (a) that there is no genuine issue as to any material fact, and (b) that the moving party is entitled to a judgment as a matter of law. Unless both of those propositions be established, the motion must be denied. But, if they be established, it must be granted.

It should be observed briefly that the rule has consistently been administered strictly. By which is meant that stern judicial insistence has been made that a litigant who seeks, by such interception of the ordinary course of contested litigation, to obtain at an early point along the way, a final judgment in his, her or its favor must be denied the relief sought, unless the quoted twofold test for its allowance is met beyond reasonable uncertainty. So, it has been declared that, unless the moving party satisfies the court both that there is no *genuine* issue as to any *material* fact, and that the movant is entitled to judgment as a matter of law, the motion must be denied.

And the court, in proceeding to its ruling upon such a motion, must resolve any doubt upon either of those branches of the moving party's burden, adversely to the moving party. So, if there be a practical doubt whether there remains a genuine issue as to any material fact, such a motion must be denied. And it must also be denied unless, from the unchallengeable facts, it necessarily follows that the movant is entitled to judgment as a matter of law. Suggestive of the many reported opinions supporting that view may be mentioned. Booth v. Barber Transportation Company, 8 Cir., 256 F.2d 927; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; American Insurance Company v. Gentile Brothers Company, 5 Cir., 109 F.2d 732; Ramsouer v. Midland Valley R. Company, D.C.Ark., 44 F.Supp. 523, reversed on other grounds, 135 F.2d 101; United States ex rel. Ryan v. Broderick, D.C. Kan., 59 F.Supp. 189; Chenault v. Nebraska Farm Products, D.C.Neb., 107 F. Supp. 635. But it is equally true that if both of those requirements for the granting of the motion be met, then, by the plain language of the rule itself, the judgment to which the moving party is by law entitled—though not necessarily in the way or to the extent that it is sought in the motion—must be rendered. This court is respectfully aware of the recorded history of the judicial administration of Rule 56, of which the foregoing citations are only suggestive, as it approaches the present ruling.

In his complaint, the plaintiff alleges that he is a resident and citizen of Nebraska; that the defendant is a mutual insurance company, organized and existing under the laws of the state of Iowa, and a citizen of Iowa; and that the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs. Those allegations of the complaint the defendant admits in its answer. It follows that jurisdiction exists in this court. No question of its validity is presented in the submission.

The plaintiff in the complaint then, and in successive separately numbered paragraphs, makes factual averments, all of which the defendant by its answer denies. These follow:

"II. On or about March 7, 1956 defendant issued a standard Automobile Policy numbered 455 429, effective March 13, 1956 to March 13, 1957 to one Sid Moore, also known as Sidney A. Moore, whereby the defendant agreed to pay on behalf of Sid Moore as the insured, all sums which such insured should become legally obligated to pay as damages because of bodily injury, sickness or disease including death at any time resulting therefrom, sustained by any person caused by accident and arising out of the ownership, maintenance and use of a certain 1953 Ford 2-ton truck owned by the insured. The limits of liability for bodily injury provided by such policy No. 455 429 were $15,000.00 for each person and $30,000.00 for each accident; and the limit of property damage provided by such policy was $5,000.00.

"III. Thereafter, on March 14, 1956, and while such policy No. 455 429 was in force and effect, Sid Moore negligently drove his 1953 Ford truck described in and covered by such policy into a 1955 Mercury Station Wagon owned by Howell Lumber Company, and being driven by plaintiff. As a direct result of such collision and the negligence of Sid Moore, (a) plaintiff sustained severe and permanent personal injuries; (b) plaintiff's brother, Harold A. Howell, who was riding as a passenger in such Station Wagon, was killed; and (c) the Station Wagon was damaged in the amount of $2,100.00.

"IV. Thereafter, for valuable consideration, Howell Lumber Company assigned to plaintiff its claim for damages against Sid Moore arising out of such collision, and plaintiff filed suit in the District Court of Dawson County, Nebraska, against Sid Moore, under the name of Sidney A. Moore, to recover damages for

plaintiff's personal injuries, and also for the injury to the Station Wagon. While such suit was pending and awaiting trial, Sid Moore died and K. G. Brumbaugh, Administrator of his estate, was substituted as a party defendant to such suit. On December 13, 1958 plaintiff, in such suit, obtained judgment against Sidney A. Moore, and therefore against K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, Deceased, in the amount of $16,567.00 for the bodily injuries by the plaintiff sustained in such collision, and in the amount of $2,100.00 for the property damage to the Mercury Station Wagon sustained in such collision, of which judgment an allegedly true copy is set out in and incorporated into, the complaint by attachment to it.

"V. Likewise, suit was filed in the District Court of Dawson County, Nebraska by Nadine B. Howell, the surviving widow, and executrix of the estate, of Harold A. Howell, deceased, against Sid Moore, also known as Sidney A. Moore, to recover damages sustained by her as a result of the death of Harold A. Howell, and on April 1, 1958, judgment was entered in favor of Nadine B. Howell, then Nadine B. Howell Lum, against the estate of Sidney A. Moore, deceased, for the sum of $105,625.00, of which judgment an allegedly true copy is set out in, and incorporated into, the complaint by attachment to it. For valuable consideration, Nadine B. Howell Lum has assigned all of her claims arising by virtue of such judgment to plaintiff.

"VI. By reason of the facts thus alleged, defendant is obligated to pay, in behalf of the Estate of Sidney A. Moore, deceased, to the plaintiff, the sum of $15,000.00 for the injuries thus sustained by the plaintiff, the sum of $15,000.00 for the damages resulting from the death of Harold A. Howell, and the sum of $2,100.00 for damage to the Mercury Station Wagon. The defendant has refused to pay such sums to plaintiff. The defendant is, therefore, indebted to plaintiff in the sum of $32,100.-00, with interest on the several portions thereof from the respective dates of the several judgments of the District Court of Dawson County, Nebraska."

And the plaintiff concludes his complaint with a prayer for judgment in his behalf against defendant for the aggregate amount in the last paragraph set out, together with interest and costs.

By way of answer, the defendant first admits the jurisdictional averments of the complaint's initial paragraph, supra; next, in successive paragraphs, expressly denies each other allegation of the complaint; then, makes the following allegation:

"Further answering, defendant alleges that although defendant issued liability insurance policy No. 455,429 to Sid Moore, the aforesaid policy was restricted in nature, contained a territorial limitation, and was effective only in a territory within a radius of 75 miles of the place of principal garaging of the vehicles covered under said policy and specifically the aforesaid territorial limitation excluded coverage in connection with the accident referred to in the plaintiff's complaint herein."

And the defendant concludes its answer with a prayer for the dismissal of the action with costs. The plaintiff was not required to reply to the averment last quoted, but, without the necessity of a reply, is taken and held either to deny or to avoid such averment.

In practical consequence, therefore, the defendant, by the language just quoted at length from its answer, receded from its categorical denial, earlier in the answer, of its issuance of automobile Policy No. 455 429, and with exact numerical designation of the policy, admitted and alleged its issuance but denied, for the alleged reason quoted, that it covered the collision out of which the alleged judg-

ments arose upon which plaintiff's present suit rests.

Each party, through resort to Rule 36, Federal Rules of Civil Procedure, tendered to the other party a request for admissions, to which answer was made. It appears that in logical order, reflection should next be offered of the facts sought by the plaintiff and, to the extent of their admission, admitted by the defendant. That course is now pursued.

By the plaintiff's request for admissions, and the defendant's answers thereto, these facts are agreed upon and established.[1]

"I. On March 14, 1956, an automobile accident occurred between a 1953 Ford truck owned and driven by Sid Moore, also known as Sidney A. Moore, and an automobile owned by Howell Lumber Company, driven by the plaintiff, James E. Howell, and occupied as a passenger by plaintiff's brother, Harold A. Howell.

"II. As a result of that accident of March 14, 1956, the automobile operated by the plaintiff was damaged, the plaintiff, James E. Howell, sustained certain personal injuries, and plaintiff's brother, Harold A. Howell, was killed.

"III. Exhibit A attached to plaintiff's request for admissions, of which certain significant features are reflected in a footnote,[2] is a true and correct copy of the judgment entered by the District Court of Dawson County, Nebraska in favor of the plaintiff James E. Howell, and against Sidney A. Moore, and, therefore, against K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, and against the Estate of Sidney A. Moore, in the amount of $18,667.00 plus costs for the personal injuries sustained by said James E. Howell as a result of said accident of March 14, 1956, and for the damage sustained to the automobile owned by Howell Lumber Company, as a result of said accident of March 14, 1956.

"IV. Exhibit B attached to plaintiff's request for admissions of which certain significant features are reflected in a footnote,[3] is a true and

1. In setting them out, the court employs the numbering of the plaintiff in his request. By that device the area and significance of the denial by the defendant of two of the requests may also be emphasized.

2. It is fairly disclosed by Exhibit A, thus identified, that, on December 15, 1958, the District Court of Dawson County, Nebraska, in an action then pending therein in which James E. Howell was plaintiff and Sidney A. Moore, K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, Deceased, and others were defendants, upon the failure of the Administrator, despite notice to his counsel to appear, allowed waiver of jury trial 'by plaintiff in such action, tried the action without a jury and entered judgment in favor of James E. Howell and "against Sidney A. Moore, and therefore, against K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, and against the Estate of Sidney A. Moore" in the amount of $16,567 on the first cause of action, and $2,100 on the second cause of action, a total of $18,667, together with costs. Such judgment was expressly premised on a finding "that the defendant Moore was negligent as alleged and that his negligence was the sole cause of the accident," and a further finding that as to the first cause of action, James E. Howell was damaged in the sum of $15,667 (sic), and as to the second cause of action he was the owner of the claim for property damage which damage was in the sum of $2,100.

3. It is fairly disclosed by Exhibit B, thus identified, that in an action pending in the District Court of Dawson County, Nebraska, wherein Nadine B. Howell Lum, Executrix of the Estate of Harold A. Howell, Deceased, was plaintiff and K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, Deceased, and others were defendants, the Estate of Sidney A. Moore, Deceased, not being represented by counsel, but the other parties being represented, the action was called for trial, jury was empaneled and sworn, opening statements were made, and recess was had until April 1, 1958 at 9:30 o'clock a. m.; that on April 1, 1958 a motion for continuance was filed by the defendant K. G. Brumbaugh, Administrator of the Estate of Sidney A. Moore, Deceased, and was overruled;

correct copy of the judgment obtained in the District Court of Dawson County, Nebraska by Nadine B. Howell Lum, executrix of the Estate of Harold A. Howell, Deceased, against the Estate of Sidney A. Moore, Deceased, for the death of Harold A. Howell, as the result of said accident of March 14, 1956.

"V. Exhibit C attached to plaintiff's request for admissions is a true and correct copy of Policy No. 455,-429 issued by the defendant, Allied Mutual Casualty Company to Sid Moore. By reference to such Exhibit C, it clearly appears that it is a photographic copy of a National Standard Automobile Policy, issued March 7, 1956 by the defendant, through its agency, Welch Insurance Company, Sidney, Nebraska, countersigned by John H. Schon, as authorized representative, wherein and whereby the defendant insured Sid Moore as the named insured for the policy period from March 13, 1956 to March 13, 1957, and in that behalf undertook and agreed:

" 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sickness or disease, including death at any time resulting therefrom, sustained by any person caused by accident and arising out of the ownership, maintenance or use of "the automobile," '

with limitation of $15,000.00 in respect of each person, and $30,000.00 in respect of each accident; and further agreed:

" 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use

thereof, caused by accident, and arising out of the ownership, maintenance or use of "the automobile," '

with limitation of $5,000.00 for each accident. By endorsement upon the policy 'the automobile' was identified as being two vehicles, including a 1953 Ford 2 Ton Truck, whose serial number and motor number were identified. Attached to such policy at the time of its issuance and constituting a part of it, and a limitation upon its coverage, was the following endorsement:

" 'Truck, Territorial Limitation

B–75

" 'In consideration of the premium at which this policy is written, it is understood and agreed that the policy shall be effective only while any truck specified and described therein is being operated within a radius of seventy-five miles from the place of principal garaging of such truck. The address of the insured as shown on the policy shall be considered the principal place of garaging.

" 'This endorsement shall be effective the 13th day of March, 1956, at 12:01 A.M.

" 'Subject in all other respects to all the provisions and agreements of this policy. Attached to and forming a part of Policy No. 445429 issued by the Allied Mutual Casualty Company to Sid Moore of Sidney, Nebraska.

" 'Robert B. Goode    Harold S. Evans.
" 'Secretary               President
" 'Countersigned at Sidney, Neb., the 7 day of March, 1956.
" 'John H. Schon
" 'Authorized Representative'

that, thereupon, on motion of the plaintiff in such action for default of the defendant administrator, such default was entered and trial by jury was waived, and upon a general finding for the plaintiff in such action, judgment was made and given in favor of the plaintiff therein, Nadine B. Howell Lum, Executrix of the Estate of Harold A. Howell, Deceased, against the Estate of Sidney A. Moore, Deceased, for the sum of $104,-000 on the first cause of action, and for the sum of $1,625 on the second cause of action in such case, and for costs.

The 'address of the insured' is 'shown on the policy' in four places, so far as the court has been able to ascertain from an examination of Exhibit C, supra. Of these, the first place is near the top of the face of the policy. There the following language appears:

" 'Item 1   Named Insured
                              Sid Moore

" 'Address

1428 Pine  Sidney  Clay  Nebraska
No. Street Town or County    State
              City

" 'Garage: The automobile will be principally garaged in the above town or city county and state, unless otherwise stated herein.'

The second identification of the insured and his address appears, at the extreme lower left corner of the same face page of the policy, in this language:

| " 'Insured | Sid Moore |
| Address | Sidney, Nebraska |
| Effective | March 13, 1956 |
| Expires | March 13, 1957 |
| Agent | Welch Insurance Agency |
| Address | Sidney, Nebraska |

Finally, upon each of the endorsements identifying respectively the schedule of automobiles, and the foregoing truck territorial limitation, thus in two distinct places, it is recited that the endorsement in question is:

" 'Attached to and forming a part of Policy No. 455429 issued by the Allied Mutual Casualty Company to Sid Moore of Sidney, Nebraska.'

"VII.   The individual named as Sid Moore in Exhibit C is the same individual named as Sidney A. Moore, defendant in Exhibits A and B.

"VIII.   The person referred to in Exhibit C as Sid Moore is the same person who was the operator of the 1953 truck, which struck the automobile operated by the plaintiff on March 14, 1956 in Dawson County, Nebraska. It is here noted that, of the plaintiff's request for admissions, two were denied by the answering defendant. These are:

"VI.   On March 14, 1956, Exhibit C was in full force and effect.

"IX.   The defendant was notified of said accident of March 14, 1956 between the truck operated by Sid Moore, also known as Sidney A. Moore, and the automobile operated by James E. Howell, and was afforded an opportunity to defend the actions referred to in Exhibits A and B in behalf of Sid Moore, also known as Sidney A. Moore."

By the defendant's request for admissions, and the plaintiff's answers thereto, these facts[4] are also agreed upon and established.

"I.   Sid Moore, also known as Sidney A. Moore, who was involved in the motor vehicle accident as set out and referred to in plaintiff's request for admissions and the answers thereto, supra, was proceeding westward at the time of such collision, and was proceeding on U. S. Highway No. 30.

"II.   Such accident involved in this action occurred two and one-half miles east of Gothenburg, Nebraska, on U. S. Highway No. 30.

"III.   Gothenburg, Nebraska is approximately 153 miles east of Sidney, Cheyenne County, Nebraska; and both Gothenburg, Nebraska and Sidney, Nebraska are on U. S. Highway No. 30.

"V.   Lincoln, Nebraska is approximately 200 miles east-southeast of Gothenburg, Nebraska, and approximately 353 miles east-southeast of Sidney, Cheyenne County, Nebraska."

4. Again, in setting out the pertinent facts, the sequence and numbering of the defendant's request is employed.

It is observed that, with a disclaimer of personal knowledge upon the subject, the plaintiff denied, and declined to admit, the statement numbered IV proposed by the defendant, wherein it sought admission "that at the time of said accident, Sid Moore was returning to Sidney, Nebraska, from Lincoln, Nebraska, where he had delivered a load of furniture." That denial is not presently significant.

Accepting as true the affidavit of Thomas J. Walsh, which is undisputed and also reflects the usual practice in such matters, the court finds that the defendant's Policy No. 455,429 was prepared by the duly authorized agents, representatives and employees of the defendant.

█ In conformity also to, though not because of, the affidavit mentioned in the last preceding paragraph hereof, and acting rather in the exercise of its duty to take judicial notice of the matter now mentioned, the court takes judicial notice, and finds, that the city of Sidney, Nebraska, is located in Cheyenne County, Nebraska, of which it is the County Seat; that it is not, and on March 7, 1956 was not, in Clay County, Nebraska; that there is, and on March 7, 1956 was, in Nebraska a county whose name is and was "Clay;" but that the point in Clay County, Nebraska, nearest to Sidney, Nebraska is distant substantially more than two hundred miles southeasterly from Sidney, Nebraska; that there is in Clay County, Nebraska, no city, town, village or community named or known as "Sidney;" and that there is only one city, town or village located in the State of Nebraska bearing the name, or known as, "Sidney," and that is Sidney, Cheyenne County, Nebraska.

█ Despite the denials by the defendant in its answer of virtually every allegation of the complaint, except the jurisdictional averments, the discovery proceedings conducted in the action disclose convincingly that there was and is no real controversy between the parties over the determinative facts of the case. The issuance, terms, limitations of coverage and endorsements, of the defendant's policy of insurance in favor of Sid Moore; the occurrence, time and place of the motor vehicle collision, with resultant personal injury to the plaintiff, damage to Howell Lumber Company's automobile, and the death of Harold A. Howell; the institution of the alleged suits in, and the making and giving of judgment therein by, the District Court of Dawson County, Nebraska, are all agreed upon. Less surely established are the assignments on which plaintiff relies, although no contention is advanced on that score. And, in the light of the conclusion at which the court has arrived, a failure of proof in that behalf would not impair the judgment later announced. Not very formally established, but not really questioned, is the identity of the insured Ford 2 Ton Truck of Sid Moore with the vehicle owned by him which was involved in the collision. The execution and attachment to the policy of the "truck territorial limitation" and the precise language as already quoted are admitted. Indeed, it is only respecting the legal consequence of that clearly established endorsement that there is practical controversy between the litigants. For it is conceded that the collision occurred at a place approximately, in fact slightly more than, twice as far from Sidney, Nebraska as the distance limiting coverage prescribed in the endorsement, if that endorsement be operative.

The court considers it to be unnecessary to discuss in detail the legal question whether enforcement is to be accorded to a truck territorial limitation of the general character here involved. With altogether commendable professional candor, counsel for the plaintiff, in his brief opposing the pending motion, appears clearly to concede the validity of such a limitation, and thereby to remove that potential legal issue from the area of present controversy. From that brief, now being incorporated into the files of the case, supra, these representative excerpts are taken:

"In support of its Motion for Summary Judgment the defendant relies

upon numerous cases which hold in effect that such a territorial limitation provision in a liability policy is valid and will be enforced in accordance with its terms. The plaintiff does not deny the abstract validity of such a territorial limitation provision and does not take issue with the cases cited by the defendant in its brief. The plaintiff does contend, however, that such a territorial limitation as is contained in the defendant's policy can be valid only if the point from which the territorial limitation is to be measured is properly defined by the policy and the plaintiff respectfully submits that in this case defendant's policy fails to meet this essential requirement."

\* \* \* \* \* \*

"In other words, we respectfully submit that a radius limitation such as defendant's Truck Territorial Limitation B–75 can be relied on by an insured to defeat recovery only when the policy describes an existing point from which the territorial limitation is to be measured and that since defendant's policy fails in this material respect, Truck Territorial Limitation B–75 attached to defendant's policy is null and void."

But let it be added, further, that, although persuaded of its right, even its duty, to accept and act upon the concession of the essential legal validity of a territorial limitation, which is thus reflected in the plaintiff's brief, the court has examined the authorities relevant to the question. From that examination it is convinced that the validity of such limitations is recognized by the clear weight of authority, of which the reported opinions cited in the defendant's prime brief in support of its present motion are fairly representative. And more to the point, in this diversity case, it is clearly of the opinion that the Supreme Court of Nebraska, the state whose substantive law is controlling in this case, if squarely confronted by the proposition, would affirm and enforce the validity of such a limitation. It is true that

Rodine v. Iowa Home Mutual Casualty Company, 171 Neb. 263, was decided upon a different basis, and is, therefore, distinguishable. Yet, by necessary inference, it recognizes that a clause which territorially limits a policy's coverage makes such a policy quite different from one bearing no such limiting endorsement. Besides, one has to be aware of the tenacity with which that court consistently holds contracting parties, even in insurance agreements, to the engagements and restrictions which they have voluntarily imposed by express contract upon themselves. This court, therefore, regards the basic legality of such a limitation, first as not here tendered for determination, and secondly as answerable affirmatively both by the great weight of judicial authority, and according to the tenor of the instructive decisions of the Supreme Court of Nebraska.

What alone is urged upon the court in opposition to the pending motion is the position of plaintiff's counsel reflected in the concluding sentence of the first paragraph, and in the entire second paragraph, of the language above quoted from his brief. For that position, he argues earnestly. And the court has respectfully considered that argument in its entirety. Nevertheless, it may not realistically or rationally agree with or adopt its position, or accord it controlling effect in the present ruling.

█ The obviously mistaken and careless insertion of the name, "Clay" in the line above the word "county," in the recital of the address of Sid Moore, near the top of the first page of the policy, may not, in the setting in which it appears, be granted the frustrating consequence which plaintiff's counsel would have the court attribute to it. It appears in an insurance policy written for an individual engaged in business, and resident, in Sidney, Nebraska, and by an identified insurance agency of the insurer located in that city. In three other places in the same instrument, and its concurrent attachments, the insured is designated either as "Insured Sid Moore, Ad-

dress, Sidney, Nebraska," or simply as "Sid Moore of Sidney, Nebraska," without further language.

To the argument that the word, "Clay" imports confusion, uncertainty or doubt into the contract, particularly the "truck territorial limitation," a sufficient and serious answer may be made by the simple question, "confusion, uncertainty or doubt in whose mind and respecting what?" No rational person, knowing. Nebraska and realistically appraising the policy, would be overtaken by confusion, uncertainty or doubt concerning its meaning. There are no ingredients out of which such perplexity could reasonably be compounded. There is only one Sidney, Nebraska. It is in Cheyenne County. There is a Clay County, Nebraska, but its boundaries do not contain a community known as Sidney. Sidney is a city of substantial size in the Western Nebraska area. Its history of not far from a hundred years has been familiar to several generations of Nebraskans, and outstanding in the development of the western portion of the United States during the latter half of the nineteenth century. Its mere identification by its corporate name effectively locates it; and its identification is neither nullified nor impaired by a palpable error in designating the county in which it is located. If there were any other conceivable locality which might thus be identified, there might be some force to the argument which is advanced. But no such place exists.

The court, therefore, regards the Truck Territorial Limitation endorsement, construed along with the rest of the policy, as clearly intelligible, and free from uncertainty or ambiguity or doubt, and unquestionably valid.

And since, inevitably, when the collision occurred, the truck of Sid Moore involved in it was not "being operated within a radius of seventy-five miles of" Sidney, but approximately twice that far away, the policy, by its unequivocal language was not operative. It, therefore, provided and provides no coverage for the claim made by the plaintiff in any of its aspects.

Accordingly, "the pleadings * * * and admissions on file, together with the affidavit show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," and the motion for summary judgment is well taken, and must be granted and sustained.

The court, therefore, is entering, concurrently herewith, an order and judgment (a) granting and sustaining defendant's motion for summary judgment, (b) entering summary judgment herein dismissing, with prejudice, this action and the plaintiff's claim, in its entirety and in all of its parts, and (c) assessing the costs of the action against the plaintiff.