# Smith v. Sanders.

Jan. 26, 1943.

O. B. Bertram and Phillip Bertram for appellant.

Fayette Sanders and J. R. Whitlow for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellee brought this action against appellant and one Greene Hogge to recover of them damages to her automobile. It appears from the allegations of the petition and the evidence that in December, 1939, J. R. Sanders, father of appellee, was driving appellee's automile on a highway in Taylor county, Kentucky, and appellant was driving his automobile on the same road and in the same direction, and in attempting to pass appellee's car the two cars collided and at the same time and place Hogge was operating his automobile in the opposite direction and his car also collided with appellee's car, thus resulting in the damages sued for. It is alleged that the collision and damages to appellee's car was caused by the concurrent and joint negligence of appellant and Hogge. We are not advised as to what disposition was made of the case as against Hogge. The case was tried as against Smith (appellant) at the September, 1941, term of the Taylor circuit court and resulted in a jury verdict and judgment thereon for $200

in favor of appellee. The appellant filed the record with the clerk of this court and prayed an appeal.

One of the grounds relied on for reversal is that the court erred in admitting incompetent evidence offered by appellee. Lawrence Bailey, who was riding in appellee's automobile at the time of the accident, was permitted to testify over objections of counsel for appellant that appellant compromised and settled with him and paid him the sum of about $30. We think this evidence was incompetent and prejudicial. It may have impressed the minds of the jury with the idea that compromise and settlement with one of the occupants of appellant's car, who was injured, was an admission by appellant that he was in fault. For this reason alone the case must be reversed.

Another ground relied on for reversal of the judgment is that the court should have granted appellant's motion for a continuance or stay of the prosecution of the action. When the case was called for trial appellant's counsel moved the court for a continuance on the ground that appellant had been inducted into the United States armed forces and was then absent and engaged in his military duties and could not be present at the trial. In support of the motion counsel for appellant filed his affidavit in which he set out, among other things, that he had been advised by his client that he had made an effort to be relieved of military duties during the present term of the court in order for him to attend and testify as a witness in his behalf, but that at that time he was on maneuvers somewhere in the south and would not be able to return to his camp until sometime in the following month. The motion for the continuance was made in pursuance to and based upon the provisions of the Soldiers and Sailors Civil Relief Act of the 1940 United States Congress, section 100 et seq., 50 U. S. C. A. Appendix section 510 et seq., and particularly section 103, subsection 1, which provides, among other things, that:

"Whenever pursuant to any of the provisions of this Act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended." See also, the 1942 amendment to the Act, chapter 581, (2d) session, 50 U. S. C. A. Appendix section 513 et seq.

If it be conceded that the Act does not make it compulsory on the courts to grant a stay or continuance of a trial of an action in all cases or in all circumstances, and that in some cases under proper circumstances it may not be an abuse of discretion for the court to refuse a stay or continuance of a trial, yet we doubt that the matter here involved is of such importance as to justify the court in refusing a continuance or stay of the trial. This is an action for a small amount of damages to an automobile and we do not think that appellee would suffer any material loss, or that her rights would be substantially prejudiced by a continuance of the trial until such a time as appellant may be able to attend the trial. In view of the nature of the case we think that the Act of Congress, supra, is here applicable. We do not mean to say that the case should have been continued indefinitely or until appellant has been discharged from military services, but we think the court should have granted a continuance until such a time as appellant may be able to obtain a furlough in order that he may be able to attend the trial.

Wherefore, the appeal is granted and the judgment reversed and remanded for proceedings consistent with this opinion.