**John T. COOPER and Myra Cooper Appellants,**

v.

**Doris C. ROBERTS, Milton Roberts, Richard W. Cooper, Jr., Elizabeth Sue Cooper, Mitchell O. Cooper, Wanda Cooper, Margaret Cooper Garner and Pascal Garner, Appellees.**

Court of Appeals of Kentucky.

Jan. 30, 1987.

L. Lee Tobbe, R.B. Bertram, Monticello, for appellants.

David C. Hull, Monticello, for appellees.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge.

This case is on appeal from the judgment of the Wayne Circuit Court which ordered the sale of two tracts of land jointly owned in equal shares by five brothers and sisters. Also on appeal is the propriety of the amount of the supersedeas bond set by the trial court pending the outcome of this appeal.

The property involved consists of a residential lot in Monticello, Kentucky, containing two residences and an outbuilding. The other piece of property is a twenty-seven acre tract of unimproved land adjoining Lake Cumberland. Elizabeth M. Cooper conveyed these properties jointly to her five children, Richard W. Cooper, Margaret Cooper Garner, Doris Cooper Roberts, John T. Cooper and Mitchell O. Cooper. She retained a life estate in the properties. She died intestate in January, 1984. The following year the appellees, four of the children and their spouses, filed an action against the appellants, the fifth child, John T. Cooper and his wife. The relief sought was a judicial sale of the properties, and an equal five-way division of the proceeds. Appellees alleged in their complaint that the properties were indivisible without material impairment of their value. Appellant Cooper answered denying the properties were insusceptible to division, and by way of affirmative defense asserted the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S.App. §§ 501–591. Appellant Cooper is a colonel in the United States Air Force, currently serving in Washington state.

The trial court determined that the case was amenable to trial by deposition, and that all relevant testimony would be given by experts. The trial court therefore determined that the military service of the appellant would not have a material, adverse effect upon his rights, and denied relief under the Soldiers' and Sailors' Act.

Appellees presented their proof which included the testimony of two experienced, local real estate brokers that the properties could in no way be equally divided without a reduction of their values. Appellants' attorney cross-examined the witnesses for the appellees, but offered no direct proof.

The trial court entered judgment ordering a sale of the two tracts of land. Appellants filed a notice of appeal and motion to stay the sale pending appeal. Appellees filed a motion seeking a supersedeas bond from appellants. Stay was granted and the court set the supersedeas bond in the amount of Fifteen Thousand Dollars.

The section of the Soldiers' and Sailors' Civil Relief Act pertinent to this appeal is 50 U.S.C.S.App. § 521 which states:

At any state thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act (50 USCS Appx. Sec. 501 et seq.), unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

■ Although we believe in the value and importance of this Act as it protects our citizens in service to their country from the onerous burden of attending to litigation while obliged to be hundreds or thousands of miles from its situs, we agree with the trial court that the congressional exception to the rule in § 521 here is appropriately observed. Trial of cases dealing solely with a complaint for judicial sale of jointly owned real estate where the only issue is whether the land can be divided without a

reduction of its value do not materially and adversely affect the interest of a party to that action who is absent from the trial due to military service so as to necessitate a stay under § 521 of the Soldiers' and Sailors' Relief Act.

Appellant introduced no evidence of how proceeding with the case by deposition would have a material, adverse effect on his interest. He gave only reasons why he could not at that time obtain several weeks extended leave. And if in the opinion of the trial court the serviceman's unavailability would not materially affect his defense, § 521 of the Act cannot be successfully invoked to stay the proceedings. It takes more than a mere showing of current military service to suspend judicial proceedings. *Boone v. Lightner*, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943).

Appellant introduced no evidence of when he might be able to appear for trial, only that presently he could not. The Soldiers' and Sailors' Civil Relief Act should not be used to continue cases indefinitely or until the person in uniform is discharged. *Cf. Smith v. Sanders*, 293 Ky. 6, 168 S.W.2d 359 (1943). We therefore conclude that the trial court correctly denied appellant's request for a stay under the Soldiers' and Sailors' Civil Relief Act.

■ Appellant's remaining argument is that the trial court's supersedeas bond set pursuant to CR 73.04 in the amount of Fifteen Thousand Dollars was excessive. However, CR 73.04 provides for the bond to cover "interest, and damages for delay." We believe an assessment of the value of the use and interest from the money received from the sale of the property was within the trial court's sound discretion. Likewise, it was within the trial court's discretion to set the bond while bearing in mind potential damages for delay which obviously could mean loss from vandalism or waste to the property pending appeal.

The judgment of the Wayne Circuit Court is affirmed.

All concur.